IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EILEEN MERCER, <br><br> Plaintiff, <br><br> v. <br><br> FAVORITE HEALTHCARE STAFFING, INC., <br><br> Defendant. | Case No. 22-cv-00766 <br><br> Removed from the Circuit Court of Cook County, Illinois, Case No. 2021-L-012972 |

## NOTICE OF REMOVAL

Defendant Favorite Healthcare Staffing, LLC[1] ("Defendant" or "Favorite Healthcare") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This removal is based upon diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1441, and 1446. In support of its Notice of Removal, Favorite Healthcare states the following:

**The State Court Action**

1. On December 29, 2021, Plaintiff Eileen Mercer, ("Plaintiff" or "Mercer") filed a lawsuit in the Circuit Court of Cook County, Illinois, Law Division, entitled *Eileen Mercer v. Favorite Healthcare Staffing, Inc.*, Case No. 2021-L-012972. Favorite Healthcare was served with Summons and the Complaint on January 13, 2022. Plaintiff alleges retaliation in violation of the Illinois Whistleblower Act ("IWA") (740 ILCS § 174/1, *et seq.*). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

---

[1] Defendant is improperly named as Favorite Healthcare Staffing, Inc. The proper Defendant is Favorite Healthcare Staffing, LLC.

**Venue**

2. This action was filed in the Circuit Court of Cook County, Illinois, which lies within the United States District Court for the Northern District of Illinois, Eastern Division. Thus, this Court is the proper forum for removal pursuant to 28 U.S.C. §§ 1441, 1446(a).

**Diversity Jurisdiction**

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. First, Plaintiff and Favorite Healthcare are citizens of different states.

5. Plaintiff is a citizen of Wisconsin. *See* Compl. ¶4 (alleging that Plaintiff is a resident of Antigo, Wisconsin).

6. Favorite Healthcare, on the other hand, is a citizen of Delaware. For purposes of diversity, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Moreover, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (confirming that a corporation's principal place of business is its "nerve center," which is where its officers direct, control, and coordinate the corporation's activities, and is normally where the corporation maintains its headquarters). In this case, Favorite Healthcare is a limited liability company organized under the laws of the State of Kansas, with its principal place of business in the State of Kansas. Favorite Healthcare's sole member is ICS US Holdings, Inc., a corporation organized under the laws of the State of Delaware. ICS US Holdings, Inc. is a holding company and therefore does not have a principal place of business. *See* Declaration of Megan Barnes, attached as

**Exhibit B**, at ¶3-4; Accordingly, Favorite Healthcare is a citizen of Delaware for purposes of diversity jurisdiction.

7. The parties are therefore of diverse citizenship, as Plaintiff is a citizen of Wisconsin and Favorite Healthcare is a citizen of Delaware.

8. Moreover, the amount in controversy exceeds $75,000.[2] The proponent of jurisdiction is only required to show by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. *See Oshana v. Coca-Cola Co.*, 472 F. 3d 506, 511 (7th Cir. 2006). A defendant is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc*., 2007 U.S. Dist. LEXIS 21135, *6 (N.D. Ill. 2007). Indeed, where a plaintiff provides little information regarding the value of her claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F. 3d at 511. Once the defendant has satisfied this burden, the plaintiff may defeat federal jurisdiction "only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. (internal quotation omitted); *see also Spivey v. Vertrue, Inc*., 528 F. 3d 982, 986 (7th Cir. 2008) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the amount in controversy], then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much").

9. Plaintiff's Complaint includes an Illinois Supreme Court Rule 222 Affidavit of Damages attesting that she seeks damages "in excess of $50,000." Compl. at 17. Specifically, Plaintiff seeks damages for "actual, general, special, [and] compensatory damages, including emotional distress and reputational damage." *Id.* at 15. Plaintiff claims to have been retaliated against by being placed on a six-month suspension, resulting in "lost pay, benefits, and . . .

---

[2] While Favorite Healthcare vehemently denies that Plaintiff is entitled to any damages, the face of the Complaint confirms that the amount in controversy exceeds $75,000.

immense emotional distress." *See id.* at ¶¶106-107, 115. Plaintiff received approximately $97,670.02 in gross wages from Favorite Healthcare in less than four-months between February 22, 2021 and June 13, 2021. Barnes Decl. at ¶5. When combined with alleged lost benefits, "immense" emotional distress, and reputational damages, there can be no question that Plaintiff seeks damages in excesses of the $75,000 threshold. *See, e.g., Hoidas v. Wal-Mart Stores, Inc.*, 2010 U.S. Dist. LEXIS 43558,*8 (N.D. Ill. 2010) ("Given [the plaintiff's] admission that she seeks more than $ 50,000 coupled with her claims of lost work, decreased earning capacity, and continued medical bills, the Court finds that [the defendant] has met its burden of . . . [establishing] the jurisdictional minimum").

10. Given that the parties have diverse citizenship and the amount in controversy exceeds $75,000, diversity jurisdiction is satisfied, and removal is proper.

## **Compliance with Procedural Requirements**

11. Favorite Healthcare was served with Summons and the Complaint on January 13, 2022. In accordance with the requirements of 28 U.S.C. § 1446(b)(1), which sets the deadline for filing a notice of removal 30 days after service, this Notice of Removal is timely filed.

12. Attached as **Exhibit C** is a true and correct copy of the Notice to State Court of Filing of Notice of Removal, the original of which will be filed with the Clerk of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

13. Attached as **Exhibit D** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which will be served upon counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

14. Favorite Healthcare files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, having fulfilled all statutory requirements, Defendant Favorite Healthcare Staffing, LLC hereby removes this action from the Circuit Court of Cook County, Illinois to this Court, and requests that the Court assume jurisdiction over the action.

Dated: February 11, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　FAVORITE HEALTHCARE STAFFING, LLC

　　　　　　　　　　　　　　　　　　　　　　*/s/ Kyle J. Mueller*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Kyle J. Mueller

Anthony J. Romano (pending *pro hac vice*)
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
816.627.4400

Kyle J. Mueller
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
312.372.5520

## **CERTIFICATE OF SERVICE**

Kyle J. Mueller, an attorney, hereby certifies that, on February 11, 2022, he caused a copy of the foregoing *Notice of Removal* to be electronically filed with the Clerk of the Court, using the court's CM/ECF system, and to be served by electronic mail and U.S. Mail upon the following:

Navarrio Wilkerson, Esq.
Disparti Law Group, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
T: (312) 506-5511 ext. 336
F: (312) 846-6363
navarrio@dispartilaw.com

*s/Kyle J. Mueller*
Kyle J. Mueller