UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EILEEN MERCER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 C 766 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| FAVORITE HEALTHCARE STAFFING, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court grants defendant 28 days in which to file an amended notice of removal that adequately states a basis for this Court's jurisdiction, lest this case be remanded.

## STATEMENT

"Every federal court has an obligation to ensure that it has jurisdiction over the cases before it. *Scott Air Force Base Prop., LLC v. County of St. Clair Ill.*, 548 F.3d 516, 520 (7th Cir. 2008). As the Supreme Court has explained:

> Federal courts are courts of limited jurisdiction. . . . It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

Defendant removed this case from the Circuit Court of Cook County. In its notice of removal, defendant asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which grants jurisdiction where the amount in controversy exceeds $75,000.00 and the case is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Defendant has adequately alleged the amount in controversy and plaintiff's citizenship. Defendant alleges that the amount in controversy exceeds $75,000.00. Defendant also alleges that plaintiff is a citizen of Wisconsin.

Defendant has not, however, adequately alleged its own citizenship. By statute, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). An unincorporated entity, on the other hand, is a citizen of every state in which any of its members (or partners) is a citizen. *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141

F.3d 314, 316 (7th Cir. 1998). Thus, "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Here, although the caption suggests defendant is a corporation, defendant states that it is an LLC. Specifically, defendant asserts that it is an LLC with only one member, ICS US Holdings, Inc. ICS US Holdings, Inc., in turn, is a Delaware corporation. Defendant is, thus, a citizen of Delaware. Pursuant to 28 U.S.C. § 1332(c)(1), defendant is *also* a citizen of "the State or foreign state where [ICS US Holdings, Inc.] has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant, though, claims that ICS US Holdings, Inc. has no principal place of business. The Court disagrees. ICS Holdings, Inc. might not have an official headquarters, but it has a principal place of business. *See Metropolitan Life Ins. Co. v. Estate of Herbert Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991) ("[C]orporations have *one* 'principal' place of business for purposes of 28 U.S.C. § 1332(c)(1)."). As the Supreme Court has explained, a corporation's principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *The Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Defendant does not say who ICS Holdings, Inc.'s officers are, where they direct the company's business or where that entity maintains its records.

Because defendant has not included in its notice of removal sufficient allegations from which the Court can determine whether it has jurisdiction over this case, the Court grants defendant 28 days in which to file an amended notice of removal that adequately alleges a basis for this Court's jurisdiction, lest this case be remanded.

SO ORDERED.                                    ENTERED:   February 22, 2022

_____
JORGE L. ALONSO
United States District Judge

2