**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EILEEN MERCER, | |
| Plaintiff, | Case No. 1:22-cv-00766 |
| v. | |
| FAVORITE HEALTHCARE STAFFING, INC., | Removed from the Circuit Court of Cook County, Illinois, Case No. 2021-L-012972 |
| Defendant. | |

## AMENDED NOTICE OF REMOVAL

On February 11, 2022, Defendant Favorite Healthcare Staffing, LLC[1] ("Defendant" or "Favorite Healthcare") timely effectuated a removal of this action based upon diversity jurisdiction under 28 U.S.C. §1332(a)(1). (Dkt. 1). On February 24, 2022, the Court ordered Favorite Healthcare to file an amended notice of removal that adequately states a basis for the Court's jurisdiction, explaining that Favorite Healthcare failed to adequately identify its principal place of business. (Dkt. 11). Accordingly, Favorite Healthcare now provides the additional information requested by the Court in this Amended Notice of Removal.

### The State Court Action

1.     On December 29, 2021, Plaintiff Eileen Mercer, ("Plaintiff" or "Mercer") filed a lawsuit in the Circuit Court of Cook County, Illinois, Law Division, entitled *Eileen Mercer v. Favorite Healthcare Staffing, Inc.*, Case No. 2021-L-012972. Favorite Healthcare was served with Summons and the Complaint on January 13, 2022. Plaintiff alleges retaliation in violation of the

---

[1] Defendant is improperly named as Favorite Healthcare Staffing, Inc. The proper Defendant is Favorite Healthcare Staffing, LLC.

Illinois Whistleblower Act ("IWA") (740 ILCS § 174/1, *et seq.*). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

## Venue

2.     This action was filed in the Circuit Court of Cook County, Illinois, which lies within the United States District Court for the Northern District of Illinois, Eastern Division. Thus, this Court is the proper forum for removal pursuant to 28 U.S.C. §§ 1441, 1446(a).

## Diversity Jurisdiction

3.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     First, Plaintiff and Favorite Healthcare are citizens of different states.

5.     Plaintiff is a citizen of Wisconsin. *See* Compl. ¶4 (alleging that Plaintiff is a resident of Antigo, Wisconsin).

6.     Favorite Healthcare, on the other hand, is a citizen of Delaware and the United Kingdom of Great Britain ("United Kingdom"). For purposes of diversity, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Moreover, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (confirming that a corporation's principal place of business is its "nerve center," which is where its officers direct, control, and coordinate the corporation's activities, and is normally where the corporation maintains its headquarters). In this case, Favorite Healthcare is a limited liability company organized under the laws of the State of Kansas, with its principal place of business in the State of Kansas. *See* Declaration of Megan

Barnes, attached as **Exhibit B**, at ¶3. Favorite Healthcare's sole member is ICS US Holdings, Inc., a corporation organized under the laws of the State of Delaware. *See id.* at ¶4. ICS US Holdings, Inc. is headquartered and maintains its records in Philadelphia, Pennsylvania. The Company has two high-level officers, Mike Barnard and Tom Richards. Mr. Barnard holds the position of President, while Mr. Richards holds the positions of Treasury and Secretary. Mr. Barnard and Mr. Richards are the sole members of the Company's Board of Directors. Both Mr. Barnard and Mr. Richards reside in the United Kingdom and direct almost all Company business from the United Kingdom. Board decisions are made by written resolution rather than physical meeting. Neither Mr. Barnard nor Mr. Richards conduct any Company business from the state of Wisconsin. *See* Declaration of Daniel Toner, attached as **Exhibit E**, at ¶3. Accordingly, ICS US Holdings, Inc.'s principal place of business is the United Kingdom, where it's officers direct, control, and coordinate the corporation's activities. Favorite Healthcare is thus a citizen of Delaware and the United Kingdom for purposes of diversity jurisdiction.

7.     The parties are therefore of diverse citizenship, as Plaintiff is a citizen of Wisconsin and Favorite Healthcare is a citizen of Delaware and the United Kingdom.

8.     Moreover, the amount in controversy exceeds $75,000.[2] The proponent of jurisdiction is only required to show by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. *See Oshana v. Coca-Cola Co.*, 472 F. 3d 506, 511 (7th Cir. 2006). A defendant is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc.*, 2007 U.S. Dist. LEXIS 21135, *6 (N.D. Ill. 2007). Indeed, where a plaintiff provides little information regarding the value of her claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a

---

[2] While Favorite Healthcare vehemently denies that Plaintiff is entitled to any damages, the face of the Complaint confirms that the amount in controversy exceeds $75,000.

preponderance of the evidence." *Oshana*, 472 F. 3d at 511. Once the defendant has satisfied this burden, the plaintiff may defeat federal jurisdiction "only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. (internal quotation omitted); *see also Spivey v. Vertrue, Inc*., 528 F. 3d 982, 986 (7th Cir. 2008) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the amount in controversy], then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much").

9.     Plaintiff's Complaint includes an Illinois Supreme Court Rule 222 Affidavit of Damages attesting that she seeks damages "in excess of $50,000." Compl. at 17. Specifically, Plaintiff seeks damages for "actual, general, special, [and] compensatory damages, including emotional distress and reputational damage." *Id.* at 15. Plaintiff claims to have been retaliated against by being placed on a six-month suspension, resulting in "lost pay, benefits, and . . . immense emotional distress." *See id.* at ¶¶106-107, 115. Plaintiff received approximately $97,670.02 in gross wages from Favorite Healthcare in less than four-months between February 22, 2021 and June 13, 2021. Barnes Decl. at ¶5. When combined with alleged lost benefits, "immense" emotional distress, and reputational damages, there can be no question that Plaintiff seeks damages in excesses of the $75,000 threshold. *See, e.g., Hoidas v. Wal-Mart Stores, Inc*., 2010 U.S. Dist. LEXIS 43558,*8 (N.D. Ill. 2010) ("Given [the plaintiff's] admission that she seeks more than $ 50,000 coupled with her claims of lost work, decreased earning capacity, and continued medical bills, the Court finds that [the defendant] has met its burden of . . . [establishing] the jurisdictional minimum").

10.     Given that the parties have diverse citizenship and the amount in controversy exceeds $75,000, diversity jurisdiction is satisfied, and removal is proper.

## **Compliance with Procedural Requirements**

11.     Favorite Healthcare was served with Summons and the Complaint on January 13, 2022. In accordance with the requirements of 28 U.S.C. § 1446(b)(1), which sets the deadline for filing a notice of removal 30 days after service, its initial Notice of Removal was timely filed.

12.     Attached as **Exhibit C** is a true and correct copy of the Notice to State Court of Filing of Amended Notice of Removal, the original of which will be filed with the Clerk of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

13.     Attached as **Exhibit D** is a true and correct copy of the Notice to Adverse Party of Filing of Amended Notice of Removal, the original of which will be served upon counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

14.     Favorite Healthcare files this Amended Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, having fulfilled all statutory requirements, Defendant Favorite Healthcare Staffing, LLC requests that the Court assume jurisdiction over the action.

Dated: March 22, 2022                    Respectfully submitted,

                                         FAVORITE HEALTHCARE STAFFING,
                                         LLC

                                         */s/ Kyle J. Mueller*
                                         Kyle J. Mueller

Anthony J. Romano (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
816.627.4400

Kyle J. Mueller (ARDC #6324389)
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
312.372.5520

## CERTIFICATE OF SERVICE

Kyle J. Mueller, an attorney, hereby certifies that, on March 22, 2022, he caused a copy of the foregoing ***Amended Notice of Removal*** to be electronically filed with the Clerk of the Court, using the court's CM/ECF system, and to be served by electronic mail and U.S. Mail upon the following:

Navarrio Wilkerson, Esq.
Disparti Law Group, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
T: (312) 506-5511 ext. 336
F: (312) 846-6363
navarrio@dispartilaw.com


*s/Kyle J. Mueller*
Kyle J. Mueller

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
01/13/2022
CT Log Number 540878777

TO: Jaime Sallman, Controller
Favorite Healthcare Staffing, Inc.
7255 W. 98TH TERRACE, BLDG 5, SUITE 150
OVERLAND PARK, KS 66212

RE: **Process Served in Illinois**

FOR: FAVORITE HEALTHCARE STAFFING, INC (Domestic State: KS)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: EILEEN MERCER // To: FAVORITE HEALTHCARE STAFFING, INC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021L012972 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/13/2022 at 03:47 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Debbie Smith DSMITH@FAVORITESTAFFING.COM |
| | Email Notification, Christopher Brink CBRINK@FAVORITESTAFFING.COM |
| | Email Notification, Jaime Sallman jsallman@favoritestaffing.com |
| | Email Notification, Sarah Aubuchon saubuchon@favoritestaffing.com |
| **REGISTERED AGENT ADDRESS:** | National Registered Agents, Inc.<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60606<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Thu, Jan 13, 2022

**Server Name:**     Sheriff Drop

| Entity Served | FAVORITE HEALTHCARE STAFFING INC |
|---------------|----------------------------------|
| Case Number | 2021L012972 |
| Jurisdiction | IL |



| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons

(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Eileen Mercer

_____

(Name all parties)

v.

Favorite Healthcare Staffing, Inc.

Case No. 2021 L 012972

☒ **SUMMONS**     **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 3



American LegalNet, Inc.
www.FormsWorkFlow.com

Summons - Alias Summons                                      (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: _57548_

Atty Name: _NaVarrio Wilkerson_

Atty. for: _Plaintiff_

Address: _121 W. Wacker Dr., suite 2300_

City: _Chicago_

State: _IL_   Zip: _60601_

Telephone: _312-506-5511 ext. 336_

Primary Email: _navarrio@dispartilaw.com_

Witness: _____

12/30/2021 10:49 AM IRIS Y. MARTINEZ

_____
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

American LegalNet, Inc.
www.FormsWorkFlow.com

*  5 0 1 3 1 0 4 3  *

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm



\* 5 0 1 3 1 0 4 3 \*

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Eileen Mercer
_____
(Name all parties)

v.

Favorite Healthcare Staffing, Inc.
_____

Case No. 2021 L 012972

☒ **SUMMONS**      **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3



American LegalNet, Inc.
www.FormsWorkFlow.com

**Summons - Alias Summons**                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: _57548_

Witness: _____

Atty Name: _NaVarrio Wilkerson_

12/30/2021 10:49 AM IRIS Y. MARTINEZ

Atty. for: _Plaintiff_

DOROTHY BROWN, Clerk of Court

Address: _121 W. Wacker Dr., suite 2300_

Date of Service: _____

City: _Chicago_

(To be inserted by officer on copy left with

State: _IL_    Zip: _60601_

Defendant or other person)

Telephone: _312-506-5511 ext. 336_

Primary Email: _navarrio@dispartilaw.com_

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

American LegalNet, Inc.
www.FormsWorkFlow.com

*  5  0  1  3  1  0  4  3  *

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm



* 5 0 1 3 1 0 4 3 *

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**LAW DIVISION**

FILED
12/29/2021 12:05 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
16106742

| | |
|---|---|
| EILEEN MERCER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FAVORITE HEALTHCARE STAFFING, INC. | ) |
| | ) |
| Defendant. | ) |

Case No. **2021L012972**

Ad Damnum: $ _____
**JURY DEMANDED**

## COMPLAINT

Plaintiff, Eileen Mercer ("Mercer" or "Plaintiff"), by and through her undersigned

counsel, NaVarrio Wilkerson, Esq., DISPARTI LAW GROUP, P.A., and complains as follows

against FAVORITE HEALTHCARE, INC., ("Favorite" or "Defendant"):

### JURISDICITON AND VENUE

1. General jurisdiction is vested in this Court pursuant to Article 6, Section 9, of the Illinois

   Constitution.

2. This Court has jurisdiction over the state law whistleblower claims raised herein pursuant

   to the Illinois Whistleblower Act, 740 ILCS § 174/1, et seq.

3. Venue is proper pursuant to 835 ILCS § 5/2-101 of the Illinois Code of Civil Procedure

   because all operative acts underlying this Complaint occurred in Cook County, Illinois,

   and Defendant's conducts business and has registered agents in Cook County, Illinois.

### PARTIES

4. Plaintiff Eileen Mercer is over the age of 18, a resident of Antigo, WI, and has at all

   relevant times been employed as a Lead Registered Nurse in Cook County.

5. Favorite Healthcare Staffing, Inc. is a national staffing agency that provides healthcare

   workers for a variety of medical purposes, including in Cook County, Illinois.

1

## FACTS COMMON TO ALL COUNTS

6.  Upon information and belief, Favorite Healthcare Staffing Inc's income is generated by taking a portion or percentage of the hourly income of the employees it staffs on each project.

7.  Upon information and belief, Favorite Healthcare Staff Inc's increases with each employee it provides as staff.

8.  Upon information and belief, the funding for the vaccination sites is provided by the State of Illinois, County of Cook, and United States Government.

9.  Upon information and belief, at least a portion of the funding for vaccination sites originated from the federal Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

10. On or about February 24, 2021, the Plaintiff began a state crisis contract with Favorite.

11. The Plaintiff agreed to be employed as the Lead Registered Nurse ("Lead RN") at a mass vaccination site.

12. Plaintiff was originally placed at the Tinley Park Mass Vaccination site for training as a Lead RN.

13. In March of 2021, Plaintiff was transferred to help open the Des Plaines, IL mass vaccination site.

14. As the Lead RN, the Plaintiff oversaw the medical aspect of the site.

15. On March 9, 2021, Plaintiff extended her contract through May 18, 2021.

16. On April 6, 2021, Plaintiff emailed Cook County and the Illinois Emergency Management Agency ("IEMA") regarding the extension of contracts for Licensed

2

Practical Nurses ("LPNs"), to which she only received a response from Cook County.
*See Exhibit 1.*

17. On April 6, 2021, Plaintiff received a response from Ratna Kanumury, the Cook County
Health System Director of APP Services, who included a representative liaison from the
National Guard on the response. The response indicated that contracts were going to be
extended.

18. Ratna Kanumury worked as a liaison between IEMA and Cook County.

19. IEMA is an government agency of the state of Illinois that is responsible for preparing for
and coordinating responses to emergencies.

20. On May 6, 2021, Plaintiff's contract was extended through June 20, 2021.

21. On May 17, 2021, during the lead daily staffing call with Cook County, Jackie Boone, a
Cook County employee that oversees staffing at all vaccination sites, advised all the Lead
RNs from all the sites that the vaccination numbers were dropping and that they should
monitor and limit staffing and overtime hours. Boone advised that if vaccination
numbers did not justify the staffing and hours, then overtime and additional staffing
should not be scheduled.

22. On May 17, 2021, Plaintiff emailed IEMA regarding LPNs being given personal days
with pay and that the site was short five (5) LPNs. *See Exhibit 1.*

23. On May 18, 2021, Major Maureen Didonato, National Guard Liaison with IEMA, replied
regarding the LPN needs at the site.

24. Major Didonato replied to Plaintiff, "Good Afternoon Eileen, I am including my contract
team as I will be off orders soon and wanted them to have communicated with you on

3

changes at Cook County. Bottom line, if you need 5 LPNs please respond to this email and we will transfer them from our standby CVATs 23 or 24." *See Exhibit 1*.

25. Upon information and belief, vaccinations had decreased between 800 and 1200 per day.

26. At the relevant time, there were LPNs sitting around without services to render due to decreased vaccination needs.

27. Many LPNs were sent back to their hotels early yet paid for the full day.

28. On May 18, 2021, Plaintiff advised Major Donato that she was advised by Defendant's local LPN onsite (supervisor) Rafik Brooks that the site was being sent 5 LPNs and 6 more LPNs from Tinley Park, totaling 11 LPNs.

29. On May 18, 2021, Plaintiff advised all included on the email, "With our numbers being this low we will be way over staffed with LPNs if we get all 11." *See Exhibit 1*.

30. Included in the email were approximately 13 representatives of Cook County government, Cook County Health organization, the National Guard, Air Force, Illinois Emergency Management Agency ("IEMA"), and the Defendant.

31. On May 19, 2021, Plaintiff received an email from Jesse Massie, a Favorite Lead employee, stating, "It is not your place to be the judge on if a site is over staffed or not. Please stop communicating with IEMA. If you have any concerns like this again Come to me or one of the individuals that are CC in the email." *See Exhibit 1*.

32. Each person copied in Jesse Massie's email to Plaintiff were all employees of Favorite.

33. Upon information and belief, after a history of communicating and coordinating with multiple parties, including IEMA and Cook County, this was the first email to the Plaintiff requesting that outsiders be excluded.

4

34. On May 19, 2021, Sean Piper, the state representative for Favorite, came to the site and requested a private conversation with the Plaintiff.

35. The Plaintiff requested that the Site Director Brian Marshall from Cook County be included, but Sean Piper refused, stating "No absolutely not, what happens in Favorite stays in Favorite."

36. Sean Piper advised the Plaintiff that she was receiving a written counseling regarding her "unprofessional behavior" for sending the email to IEMA regarding staffing.

37. Upon information and believe, the Plaintiff was never subjected to any disciplinary action prior to May 19, 2021.

38. On or about May 24, 2021, Plaintiff was notified by Rafik Brooks that IEMA was going to start downsizing staff at the site. Some LPN contracts that were expiring on May 30, 2021, were not being extended.

39. On or about May 24, 2021, RN staffing was not being downsized at the time.

40. On or about June 7, 2021, Plaintiff received a text message from the Defendant stating, "This message serves as written confirmation of demobilization due to *client* request. This will result in a 6-month *suspension* from our crisis contracts…" *See Exhibit 2.*

41. Generally, crisis contracts generate more income and higher pay rates than other general nursing contracts.

42. On June 8, 2021, Plaintiff contacted Jackie Boone of Cook County Health regarding any requests of demobilization. Ms. Boone advised the Plaintiff that no such request was made by herself or Cook County. *See Exhibit 3.*

43. Brian Marshal, the Site Director, advised the Plaintiff that he was unaware of any negative issues regarding her employment until he was advised by Defendant that the Plaintiff was being demobilized.

44. On June 8, 2021, Brian Marshal also explained to the Plaintiff that he and Cook County tried to convince Favorite to keep her, but employees of Favorite advised him that the Plaintiff was an employee of Favorite, and it was solely at Favorite's decision.

45. On or about June 8, 2021, a new RN was hired in to replace the Plaintiff as Lead RN.

46. On June 8, 2021, Lisa Murray from Favorite called Plaintiff to explain why she was demobilized and the origin of the "request."

47. Lisa Murray confirmed, "it was not Cook County or anyone from Cook County" and Plaintiff's demobilization and suspension was Favorite's decision.

48. Lisa Murray stated Plaintiff was counseled in the past and when Plaintiff asked when, Ms. Murray stated on "something happened on June 2, 2021."

49. The Plaintiff informed Lisa Murray that the counseling from Sean Piper regarding sending the email to IEMA occurred on May 19, 2021, not on June 2, 2021.

50. After Lisa Murry inquired further about any other incidents, she was unable to find any other incidents of "prior counseling," but agreed that counseling was not appropriate for the email sent to IEMA.

51. Lisa Murphy stated the Defendant has a "zero tolerance policy" and they had to terminate the Plaintiff.

52. However, there were multiple complaints against at least two (2) other LPNs for bullying and they were allowed to continue working and were never demobilized. Rafik Brooks

was notified on three (3) separate occasions, including by email of the bullying. *See Exhibit 4.*

**COUNT I: VIOLATION OF SECTION 15 OF THE
ILLINOIS' WHISTLEBLOWER ACT, 740 ILCS § 174/1, *et seq.***

53. All other paragraphs 1-52 of this Complaint are restated, realleged, and incorporated by reference herein as if fully included here.

54. Section 15 of the Illinois Whistleblower Act provides as follows: "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule or regulation." 740 ILCS § 174/5

55. At all relevant times, Defendant is and has been an employer of the Plaintiff, within the meaning of the IWA, 740 ILCS §174/5.

56. At all relevant times, Plaintiff is and has been an employee of Defendant Favorite Healthcare Staffing, Inc. within the meaning of Illinois Whistleblower Act, 740 ILCS S174/5.

57. Favorite Healthcare Staffing Inc's income is generated by taking a portion or percentage of the hourly income of the employees it staffs on each project.

58. Upon information and belief, the funding for the vaccination sites is provided by the State of Illinois, Cook County, and United States government.

59. On May 6, 2021, Plaintiff's contract was extended through June 20, 2021.

60. Jackie Boone was a management level employee for Cook County Health and was in charge of medical services at all mass vaccination sites.

* 5 0 1 3 1 0 4 3 *

61. On May 17, 2021, during the lead daily staffing call with Cook County, Jackie Boone, a Cook County Health supervisor, advised all the Lead RNs from all the sites that the vaccination numbers were dropping and that they should monitor and limit staffing and overtime hours. She further advised that if vaccination number did not justify the staffing and hours, then overtime and additional staffing should not be scheduled.

62. The Plaintiff had reasonable cause to believe that the information she disclosed regarding intentional overstaffing is violation of a state or federal law, rule, or regulation.

63. On May 17, 2021, Plaintiff emailed IEMA regarding LPNs being given personal days with pay and that the site was short five (5) LPNs.

64. On May 18, 2021, Major Maureen Didonato, National Guard Liaison, replied regarding the LPN needs at the site.

65. Major Didonato replied to Plaintiff, "Good Afternoon Eileen, I am including my contract team as I will be off orders soon and wanted them to have communicated with you on changes at Cook County. Bottom line, if you need 5 LPNs please respond to this email and we will transfer them from our standby CVATs 23 or 24." *See Exhibit 1.*

66. Upon information and belief, vaccinations had decreased between 800 and 1200 per day and LPNs were sitting around without services to render.

67. Many LPNs were often sent back to their hotels early yet paid for the full day.

68. On May 18, 2021, Plaintiff advised Major Donato that she was advised by Rafik Brooks from Favorite that the site was being sending 5 LPNs and 6 more LPNs from Tinley Park, totally 11 LPNs. *See Exhibit 1.*

69. On May 18, 2021, in an effort to prevent defrauding the state, local, and federal governments, Plaintiff advised all included on the email, "With our numbers being this low we will be way over staffed with LPNs if we get all 11." *See Exhibit 1.*

70. Included in the email were approximately 13 representatives of Cook County government, Cook County Health organization, the National Guard, Illinois Emergency Management Agency ("IEMA"), and the Defendant.

71. On May 19, 2021, Plaintiff received an email from Jesse Massie, a Favorite Lead employee, stating, "It is not your place to be the judge on if a site is over staffed or not. Please stop communicating with IEMA. If you have any concerns like this again Come to me or one of the individuals that are CC in the email."

72. Each person CC'd in Jesse Massie's email to Plaintiff were all employees of Favorite.

73. Upon information and belief, after a history of communicating and coordinating with multiple parties, including IEMA and Cook County, but this was the first email to the Plaintiff requesting that outsiders be excluded.

74. On May 19, 2021, Sean Piper, the state representative for Favorite, came to the site and requested a private conversation with the Plaintiff.

75. Plaintiff requested that the Site Director Brian Marshall be included, but Sean Piper refused, stating "No absolutely not, what happens in Favorite stays in Favorite."

76. Sean Piper advised the Plaintiffs that she was receiving a written counseling regarding her "unprofessional behavior" for sending the email to IEMA regarding staffing.

77. Upon information and believe, the Plaintiff was never subjected to any disciplinary action prior to May 19, 2021.

78. On or about June 7, 2021, Plaintiff received a text message from the Defendant stating, "This message serves as written confirmation of demobilization due to client request. This will result in a 6-month suspension from our crisis contracts…"

79. On or about June 7, 2021, the Defendant retaliated against the Plaintiff by demobilizing and suspending her for disclosing overstaffing to prevent fraud and overcharging state, local, and federal funds for unnecessary services.

80. The Plaintiff reasonably believes her demobilization and suspension was a punishment meant to dissuade her from engaging whistleblowing disclosures.

81. The Plaintiff disclosed overstaffing problems to multiple government agencies and her employer.

82. On June 8, 2021, Plaintiff contacted Jackie Boone of Cook County Health, regarding any requests of demobilization. Ms. Boone advised the Plaintiff that no such request was made by herself of Cook County.

83. Brian Marshal, the Site Director, advised the Plaintiff that he was unaware of any negative issues regarding her employment until he was advised by Defendant that the Plaintiff was being demobilized.

84. On June 8, 2021, Brian Marshal also explained to the Plaintiff that he and Cook County tried to fight to keep her, but Favorite advised him that the Plaintiff was an employee of Favorite, and it was solely at Favorite's decision.

85. On or about June 8, 2021, a new RN was brought in to replace the Plaintiff as Lead RN.

86. On June 8, 2021, Lisa Murray from Favorite called Plaintiff to explained why she was demobilized and the origin of the "request."

87. Lisa Murray stated, "it was not Cook County or anyone from Cook County" and it was Favorite's decision.

88. The Plaintiff was solely terminated/demobilized and suspended based on her disclosure to government agencies to prevent fraudulent accounting of staffing needs for vaccination, which the Defendant would directly benefit from.

89. The Defendant terminated/demobilized and suspended the Plaintiff in retaliation for disclosing overstaffing and potential fraudulent staffing contrary to site needs.

90. As a direct and proximate result of Favorite Healthcare Staffing, Inc's actions, Plaintiff's has lost pay, benefits, and has suffered immense emotional distress.

WHEREFORE, Eileen Mercer prays that his Court enter judgment in her favor and against the Defendant, and enter and order the following affirmative and other relief: (1) pay damages to Plaintiff for actual, general, special, compensatory damages, including emotional distress and reputational damage; (2) pay compensation for all damages sustained as a result of Defendants' violations, including litigation costs, expert witness fees, and reasonable attorney's fees; (3) order Defendants to cease and desist from terminating and retaliating against the Plaintiff in contravention of his state law whistle-blowing rights; and (4) order such other relief as this Court deems just and proper.

## COUNT II: VIOLATION OF SECTION 10 OF THE
## ILLINOIS' WHISTLEBLOWER ACT, 740 ILCS § 174/1, *et seq.*

91. All other paragraphs 1-90 of this Complaint are restated, realleged, and incorporated by reference herein as if fully included here.

92. At all relevant times, Defendant is and has been an employer of the Plaintiff, within the meaning of the IWA, 740 ILCS §174/5.

11

* 5 0 1 3 1 0 4 3 *

93. At all relevant times, Plaintiff is and has been an employee of Defendant Favorite Healthcare Staffing, Inc. within the meaning of Illinois Whistleblower Act, 740 ILCS S174/5.

94. "Certain policies prohibited. An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/10

95. The Defendant has made, adopted, and enforced a rule, regulation, and policy which prevents employees from disclosing information to a government or law enforcement agency.

96. On May 18, 2021, in an effort to prevent defrauding the state, local, and federal governments, Plaintiff advised all included on the email, "With our numbers being this low we will be way over staffed with LPNs if we get all 11." *See Exhibit 1.*

97. Included in the email were approximately 13 representatives of Cook County government, Cook County Health organization, the National Guard, Illinois Emergency Management Agency ("IEMA"), and the Defendant.

98. On May 19, 2021, Plaintiff received an email from Jesse Massie, a Favorite Lead employee, stating, "It is not your place to be the judge on if a site is over staffed or not. Please stop communicating with IEMA. If you have any concerns like this again Come to me or one of the individuals that are CC in the email."

99. Each person CC'd in Jesse Massie's email to Plaintiff were all employees of Favorite.

100.    Upon information and belief, after a history of communicating with multiple
        parties, including IEMA and Cook County, this was the first email to the Plaintiff
        requesting that outsiders be excluded.

101.    On May 19, 2021, Sean Piper, the state representative for Favorite, came to the
        site and requested a private conversation with the Plaintiff.

102.    Plaintiff requested that the Site Director Brian Marshall be included, but Sean
        Piper refused, expressing Defendant's policy stating, "No absolutely not, what happens in
        Favorite stays in Favorite."

103.    "What happens in Favorite stays in Favorite" is a policy that prevents employees
        from disclosing information to a government or law enforcement agency when an
        employee reasonably believes that the information discloses a violation of a state or
        federal law, rule, or regulation.

104.    Sean Piper enforced the prohibited policy/rule by issuing the Plaintiff a written
        counseling regarding her "unprofessional behavior" for sending the email to IEMA
        regarding staffing.

105.    On or about June 7, 2021, Plaintiff received a text message from the Defendant
        stating, "This message serves as written confirmation of demobilization due to client
        request.  This will result in a 6-month suspension from our crisis contracts…"

106.    On or about June 7, 2021, the Defendant retaliated against the Plaintiff by
        demobilizing and suspending her for disclosing overstaffing to prevent
        fraud/overcharging state, local, and federal funds for unnecessary services.

107.    As a direct and proximate result of Favorite Healthcare Staffing, Inc's actions,
        Plaintiff's has lost pay, benefits, and has suffered immense emotional distress.

WHEREFORE, Eileen Mercer prays that his Court enter judgment in her favor and against

the Defendant, and enter and order the following affirmative and other relief: (1) pay damages to

Plaintiff for actual, general, special, compensatory damages, including emotional distress and

reputational damage; (2) pay compensation for all damages sustained as a result of Defendants'

violations, including litigation costs, expert witness fees, and reasonable attorney's fees; (3)

order Defendants to cease and desist from terminating and retaliating against the Plaintiff in

contravention of his state law whistle-blowing rights; and (4) order such other relief as this Court

deems just and proper.

### COUNT III: VIOLATION OF SECTION 20.1 OF THE ILLINOIS' WHISTLEBLOWER ACT, 740 ILCS § 174/1, et seq.

108.  All other paragraphs 1-107 of this Complaint are restated, realleged, and

incorporated by reference herein as if fully included here.

109.  At all relevant times, Defendant is and has been an employer of the Plaintiff,

within the meaning of the IWA, 740 ILCS §174/5.

110.  At all relevant times, Plaintiff is and has been an employee of Defendant Favorite

Healthcare Staffing, Inc. within the meaning of Illinois Whistleblower Act, 740 ILCS

S174/5.

111.  Section 20.1 of the Illinois Whistleblower Act provides as follows: "Any other act

or omission not otherwise specifically set forth in this Act, whether within or without the

workplace, also constitutes retaliation by an employer under this Act if the act or

omission would be materially adverse to a reasonable employee and is because of the

employee disclosing or attempting to disclose public corruption or wrongdoing." 740

ILCS §174/20.1.

14

Case: 1:22-cv-00766 Document #: 15 Filed: 03/22/22 Page 31 of 59 PageID #:...

* 5 0 1 3 1 0 4 3 *

112.　　At all times, Plaintiff Eileen Mercer was disclosing or attempting to disclose public corruption or wrongdoing when she communicated overstaffing of LPNs.

113.　　On May 18, 2021, in an effort to prevent defrauding the state, local, and federal governments, Plaintiff advised all included on the email, "With our numbers being this low we will be way over staffed with LPNs if we get all 11." See Exhibit 1.

114.　　Included in the email were approximately 13 representatives of Cook County government, Cook County Health organization, the National Guard, Illinois Emergency Management Agency ("IEMA"), and the Defendant.

115.　　In direct retaliation for Plaintiff's protected reporting, the Defendant demobilized and suspended Plaintiff for six (6) months.

116.　　The Plaintiff reasonably believes that being, counseled, demobilized and suspended are adverse actions against her for disclosing or attempting to disclose potentially public corruption or wrongdoing.

117.　　As a direct and proximate result of Defendant's actions, Plaintiff's reputation has lost pay and benefits, has suffered immense emotional distress.

WHEREFORE, Eileen Mercer prays that his Court enter judgment in her favor and against the Defendant, and enter and order the following affirmative and other relief: (1) pay damages to Plaintiff for actual, general, special, compensatory damages, including emotional distress and reputational damage; (2) pay compensation for all damages sustained as a result of Defendants' violations, including litigation costs, expert witness fees, and reasonable attorney's fees; (3) order Defendants to cease and desist from terminating and retaliating against the Plaintiff in contravention of his state law whistle-blowing rights; and (4) order such other relief as this Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury as to all Counts.

Respectfully submitted,

Eileen Mercer

*/s/ Navarrio Wilkerson, Esq.*

By: _____

Plaintiff's Attorney

Navarrio Wilkerson, Esq.
Disparti Law Group, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
T: (312) 506-5511 ext. 336
F: (312) 846-6363
navarrio@dispartilaw.com

IRIS Y. MARTINEZ
* 5  0  CIRCUIT CLERK  *
COOK COUNTY, IL

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**LAW DIVISION**

| | | |
|---|---|---|
| EILEEN MERCER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2021L012972 |
| v. | ) | |
| | ) | |
| FAVORITE HEALTHCARE STAFFING, INC. | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**ILLINOIS SUPREME COURT RULE 222 AFFIDAVIT OF DAMAGES**

NOW COMES, NAVARRIO D. WILKERSON, Affiant, and avers as follows under oath in support of the damages in the Complaint in the above-captioned matter.

1. Under penalties as provided by law, and pursuant to Illinois Supreme Court Rule 222, the undersigned Affiant, NaVarrio D. Wilkerson, hereby certifies that the damages sought in the above-captioned cause, Eileen Mercer v. Favorite Healthcare Staffing, Inc., are in excess of $50,000.

2. Further Affiant sayeth not.

*/s/ Navarrio Wilkerson, Esq.*

By: _____
Plaintiff's Attorney

Navarrio Wilkerson, Esq.
Disparti Law Group, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
T: (312) 506-5511 ext. 336
F: (312) 846-6363
navarrio@dispartilaw.com

**From:** Mercer, Eileen <eileen.mercer@cookcountyhealth.org>
**Sent:** Tuesday, April 6, 2021 2:31 PM
**To:** Kanumury, Ratna ██████@cookcountyhhs.org>
**Cc:** Rafik Brooks Jr. ████████@favoritestaffing.com>
**Subject:** LPN contracts Des Plaines
**Importance:** High

* 5 0 1 3 1 0 4 3 *

Hello Ratna,

I apologize in advance if I should not be reaching out to you. I was made aware that my original group of LPNs at the Des Plaines Vaccination site contracts are expiring on April 18th. Do you know if they are going to be offered an extension? Or can you advise me of who I should be in contact with regarding their extensions? I would just hate to lose this group since they are already here onsite trained and working.

Thank you in advance for your time,
Eileen Mercer
RN Site Lead Des Plaines

State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.



**EXHIBIT**

1

\* 5 0 1 3 1 0 4 3 \*

Ratna Kanumury, MMSC, PA-C
CCH System Director of APP Services
█████@cookcountyhhs.org
(312)864-5508

**From:** Mercer, Eileen <eileen.mercer@cookcountyhealth.org>
**Sent:** Monday, May 17, 2021 12:18 PM
**To:** Kanumury, Ratna ████@cookcountyhhs.org>
**Cc:** RYAN, JEFFREY S Maj USAF ANG 182 OG/OG/DOFC ██████10@us.af.mil>; Marshall, Brian
<██████@cookcountyhealth.org>
**Subject:** Re: LPN contracts Des Plaines

Good morning, just wondering if you could please clarify the LPNs contracts for me? Are the LPNs allowed to take personal days off (not including sick days) during this contract? We have had several LPNs taking days off to travel home for a weekend or other personal reasons. This past Saturday I had 4 LPNs off for personal days and Saturdays are our busiest day. The onsite for Favorite advised me that they are all allowed to take personal days.

Also, we are short on LPNs. I believe currently we are short 5 LPNs. Is it possible to pull LPNs from other sites within Cook County that may be downsizing so that they already have access to the system and do not have to go through any orientation?

Thank you in advance for your time and assistance.
Eileen Mercer
Site Lead RN Des Plaines

**From:** Kanumury, Ratna ████@cookcountyhhs.org>
**Sent:** Tuesday, April 6, 2021 2:34 PM
**To:** Mercer, Eileen <eileen.mercer@cookcountyhealth.org>
**Cc:** Rafik Brooks Jr. ██████@favoritestaffing.com>; RYAN, JEFFREY S Maj USAF ANG 182 OG/OG/DOFC
<jeffrey.ryan.10@us.af.mil>
**Subject:** RE: LPN contracts Des Plaines

Hi Eileen,

Thanks for reaching out. We definitely want to extend the contracts. I am including my National Guard Liaison partner as I think the request normally comes from them, but it may be transitioning to me.

We definitely want to extend.

Thank you,
Ratna

Ratna Kanumury, MMSC, PA-C
CCH System Director of APP Services
█████@cookcountyhhs.org
(312)864-5508

4

are getting 6 LPNs from Oley O Park on May 23rd of 24th. With our numbers being the XXXX over staffed with LPNs if we get all 11.

* 5 0 1 3 1 0 4 3 *

Thanks,
Eileen Mercer

---

**From:** Didonato, Maureen <‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎@Illinois.gov>
**Sent:** Tuesday, May 18, 2021 2:03 PM
**To:** Kanumury, Ratna <‎‎‎‎‎‎‎‎@cookcountyhhs.org>; Mercer, Eileen <eileen.mercer@cookcountyhealth.org>
**Cc:** RYAN, JEFFREY S Maj USAF ANG 182 OG/OG/DOFC <jeffrey.ryan.10@us.af.mil>; Marshall, Brian <‎‎‎‎‎‎‎‎‎‎@cookcountyhealth.org>; Williams, Shontel <‎‎‎‎‎‎‎‎‎‎s@Illinois.gov>; Danielson, Caitlyn <‎‎‎‎‎‎‎‎‎@Illinois.gov>; Gualdoni, Kate <‎‎‎‎‎‎‎‎‎@Illinois.gov>; Turley, Melissa <‎‎‎‎‎‎‎‎‎@Illinois.gov>; Woker, Jenna <‎‎‎‎‎‎‎‎‎‎@Illinois.gov>; Jesse Massie <jesse.massie@favoritestaffing.com>
**Subject:** Re: LPN contracts Des Plaines

Eileen, Any confirmation on the CVAT LPNs needed?

Thank you - Maureen

---

**From:** Didonato, Maureen <‎‎‎‎‎‎‎‎‎‎@Illinois.gov>
**Sent:** Monday, May 17, 2021 1:20 PM
**To:** Kanumury, Ratna <‎‎‎‎‎@cookcountyhhs.org>; Mercer, Eileen <eileen.mercer@cookcountyhealth.org>
**Cc:** RYAN, JEFFREY S Maj USAF ANG 182 OG/OG/DOFC <‎‎‎‎‎‎.10@us.af.mil>; Marshall, Brian <‎‎‎‎‎‎‎‎@cookcountyhealth.org>; Williams, Shontel <‎‎‎‎‎‎‎‎@Illinois.gov>; Danielson, Caitlyn <‎‎‎‎‎‎‎‎@Illinois.gov>; Gualdoni, Kate <‎‎‎‎‎‎‎‎@Illinois.gov>; Turley, Melissa <‎‎‎‎‎‎‎‎@Illinois.gov>; Woker, Jenna <‎‎‎‎‎‎‎@Illinois.gov>
**Subject:** Re: LPN contracts Des Plaines

Good Afternoon Eileen, I am including my contract team as I will be off orders soon and wanted them to have communicated with you on changes at Cook County.

Bottom line, if you need 5 LPNs please respond to this email and we will transfer them from our standby CVATs 23 or 24.

Thank you - Maureen

---

**From:** Kanumury, Ratna <‎‎‎‎‎@cookcountyhhs.org>
**Sent:** Monday, May 17, 2021 12:22 PM
**To:** Mercer, Eileen <eileen.mercer@cookcountyhealth.org>; Didonato, Maureen <‎‎‎‎‎‎‎‎‎‎@Illinois.gov>
**Cc:** RYAN, JEFFREY S Maj USAF ANG 182 OG/OG/DOFC <‎‎‎‎‎‎.10@us.af.mil>; Marshall, Brian <‎‎‎‎‎‎‎@cookcountyhealth.org>
**Subject:** [External] RE: LPN contracts Des Plaines

Hello Eileen,

I am including Major Didonato as she has been instrumental in coordinating these contracts.

Thank you,
Ratna

**To:** Marshall, Brian ＿＿＿＿＿＿l@cookcountyhealth.org>
Case: 1:22-cv-00766 Document #: 15 Filed: 03/22/22 Page 37 of 59 PageID #:＿＿＿
**Subject:** Fw: LPN contracts Des Plaines

* 5 0 1 3 1 0 4 3 *

This is a response I received regarding the email I sent last night. I noticed that she did not include you or any of the IEMA people that were on the original email. Wanted to keep you in the loop. I did not respond to her email yet wanted to get your input first.


Thanks,
Eileen


---

**From:** Jesse Massie <jesse.massie@favoritestaffing.com>
**Sent:** Wednesday, May 19, 2021 7:45 AM
**To:** Mercer, Eileen <eileen.mercer@cookcountyhealth.org>
**Cc:** Rico Williams <＿＿＿＿＿s@favoritestaffing.com>; Sean Piper <＿＿＿＿@favoritestaffing.com>; Gabriela Diaz <＿＿＿＿@favoritestaffing.com>; Derrick Coleman <＿＿＿＿＿＿@favoritestaffing.com>
**Subject:** RE: LPN contracts Des Plaines


Eileen,


It is not your place to be the judge on if a site is over staffed or not. Please stop communicating directly with IEMA. If you have any concerns like this again Come to me or one of the individuals that are CC in this email.


Thank you

# Jesse Massie
**Illinois Lead**
**Favorite Healthcare Staffing, Inc**
Phone Number- (361) 504-0894


**Favorite**
**Healthcare Staffing**

*This email may contain sensitive or confidential information.*

*CONFIDENTIALITY NOTICE:* *This email and any attachments are intended only for the individual or company to which it is addressed and may contain information which is privileged, confidential, or prohibited from disclosure or unauthorized use under applicable law. If you are not the intended recipient of this e-mail, you are hereby notified that any use, dissemination, or copying of this e-mail or the information contained in this email is strictly prohibited. If you have received this transmission in error, please return the material received to the sender and delete all copies from your system.*

---

**From:** Mercer, Eileen <eileen.mercer@cookcountyhealth.org>
**Sent:** Tuesday, May 18, 2021 6:55 PM
**To:** Didonato, Maureen <＿＿＿＿＿＿@Illinois.gov>; Kanumury, Ratna <＿＿＿＿@cookcountybhs.org>
**Cc:** RYAN, JEFFREY S Maj USAF ANG 182 OG/OG/DOFC <jeffrey.ryan.10@us.af.mil>; ＿＿＿＿＿＿@cookcountyhealth.org; Williams, Shontel <＿＿＿＿＿＿s@Illinois.gov>; Danielson, Caitlyn <＿＿＿＿＿＿@Illinois.gov>; Gualdoni, Kate <＿＿＿＿＿＿@Illinois.gov>; Turley, Melissa <＿＿＿＿＿＿@Illinois.gov>; Woker, Jenna <＿＿＿＿＿r@Illinois.gov>; Jesse Massie <jesse.massie@favoritestaffing.com>
**Subject:** Re: LPN contracts Des Plaines


Hello, just wanted to make everyone aware I was informed by Rafik from Favorite this morning that they are bringing in 5 backfills for our LPNs. This afternoon I was advised by the OIC onsite that Rafik informed him we

* 5 0 1 3 1 0 4 3 *

---------Original Message-----
From: Mercer, Eileen <eileen.mercer@cookcountyhealth.org>
To: emercer90 <emercer90@aol.com>
Sent: Wed, Aug 11, 2021 4:51 pm
Subject: Fw: LPN contracts Des Plaines

---

**From:** Marshall, Brian <█████████@cookcountyhealth.org>
**Sent:** Wednesday, May 19, 2021 10:10 AM
**To:** Mercer, Eileen <eileen.mercer@cookcountyhealth.org>
**Subject:** Re: LPN contracts Des Plaines

This is not an acceptable response. We can discuss when I get to the site this afternoon.

B

Get Outlook for iOS

---

**From:** Mercer, Eileen <eileen.mercer@cookcountyhealth.org>
**Sent:** Wednesday, May 19, 2021 8:38:23 AM

1



* 5 0 1 3 1 0 4 3 *

This message serves as written confirmation of demobilization due to client request this will result in a 6 month suspension from our crisis contracts, you can still contact your local branch for traditional shifts in your area.

Best,

- Fahad

6/8/21 07:27

You can email                with a written statement.

6/8/21 13:31

EXHIBIT
2

Hi Eileen,



12:32    5G  100%

CP   **Code Pink**
     Mobile

Happy Memorial Day!
Thank you for all you do for
us and our communities!
- Favorite Healthcare
Staffing

**6/7/21 21:49**

Hello Eileen,

This message serves as written
confirmation of demobilization due
to client request this will result in a
6 month suspension from our crisis
contracts, you can still contact your
local branch for traditional shifts in
your area.

Best,

- Fahad

**6/8/21 07:27**

You can email employeegrievanc
es@favoritestaffing.com with a
written statement.

**6/8/21 13:31**

Type a message…

* 5 0 1 3 1 0 4 3 *

12:39

5G · 100%

**Jackie Boone**
JB    Mobile

Good morning, sorry to bother you so early. I received this text message late last night. Just wanted to double check if it was a mistake or not? If I am being demobilized may I ask why?

Hello Eileen,

This message serves as written confirmation of demobilization due to client request this will result in a 6 month suspension from our crisis contracts, you can still contact your local branch for traditional shifts in your area.

Best,

- Fahad

6/8/21 07:09

Eileen that decision was NOT made by CCH

So Favorite demobilized me themselves?



Not made by CCH

  Type a message...  



EXHIBIT
3


**From:**
**Sent:**
**To:**
**Subject:**

-----Original Message-----
From: Derrick Coleman <​███████████@favoritestaffing.com>
To: emercer███████  █████████
Sent: Fri, May 21, 2021 2:00 pm
Subject: Re: Incident Statement

Hey, thanks for forwarding this !! I will be at the site tomorrow and I will address it !! Thanks

Get Outlook for iOS

From: emercer90@aol.com <emercer90@aol.com>
Sent: Friday, May 21, 2021 1:01:39 PM
To: Derrick Coleman <​███████████@favoritestaffing.com>
Subject: Fwd: Incident Statement

Derrick,

Hello, hope you are having a good day.  I received this from one of the LPNs at the site.  I forwarded it to you because I was not sure how to handle it.  I have not discussed it with Rafik because she stated he was present for one of the incidents that happened.
Any guidance would be greatly appreciated.

Thanks,
Eileen Mercer

-----Original Message-----
From: ████████████████
To: emercer██████  █████
Sent: Thu, May 20, 2021 10:35 pm
Subject: Incident Statement

There has been several incidents that have occurred with████████████ where as I feel that I have been subjected to an hostile work environment.  I do not feel safe and I'm uncomfortable at this time.

███████has make several disrespect comments  about me indirectly  my coworkers Carolyn and Vanessa has witnessed these occurrences on several occasions  since March 25, 2021.

I have ignored her comments for some time . I feel that this situation is getting worse. I accepted this assignment to help vaccinate the residents of Cook County. I personally do not know ███████████

1

EXHIBIT
4

On May 05, 2021 the Residence Inn Hotel provided everyone in the hotel with food and refreshments in the dining area. Mayo. I walked into the Dining area to ask Carolyn if Tanishia was there because she asked me to meet her in the dining area. ████████████ made a statement "I want to know if this bitch part of nursing or janitorial ". Several of my coworkers were there Carolyn , Vanessa, Latasha and Valerie . Also, the on-site manager Rafik was sitting at the table next to ████████████

Carolyn ask ██████ to step outside for a minute to ask her something . She made a big scene tried to provoke me into saying something to her. ██████ made a statement that she'll get it today because I'm with it! I walk away from the area at that time because I felt threatened.

Everyday I come to work I feel like ██████ tries to intimidate me by walking in the area where I sit to stare at me and make comments.

On May 19, 2021, I was walking into the ladies restroom as ████████████ was walking out and she literally tried to walk directly into me didn't say excuse me or anything! I'm constantly looking over my shoulder and behind me because I do not feel safe!

I wanted to let let my site manager Eileen know what has occurred for the past several weeks.

2

**From:** eileen.mercer@cookcountyhealth.org ████████

**To:** emercer90@aol.com,

**Subject:** Fw: ████████

**Date:** Tue, Jul 20, 2021 7:24 pm

* 5 0 1 3 1 0 4 3 *

---

**From:** Marshall, Brian, ◀████████@cookcountyhealth.org>

**Sent:** Tuesday, May 11, 2021 4:35 PM

**To:** Mercer, Eileen <eileen.mercer@cookcountyhealth.org>

**Subject:** Re: ████████

He's history.  Sorry you had to put up with that.

B

---

**From:** Mercer, Eileen <eileen.mercer@cookcountyhealth.org>

**Sent:** Tuesday, May 11, 2021 11:13 AM

**To:** Marshall, Brian ████████l@cookcountyhealth.org>

**Subject:** Fw: ████████

---

**From:** Mercer, Eileen

**Sent:** Saturday, May 8, 2021 11:22 PM

**To:** mercadojon.96@gmail.com <mercadojon.96@gmail.com>; Rafik Brooks Jr. ████████@favoritestaffing.com>

**Cc:** ████████@favoritestaffing.com <████████@favoritestaffing.com>

**Subject:** ████████

Just wanted to make you aware of yet a few more situations that I have had with ████████ over the last 2 days.

1.) Yesterday (Friday) his row was released early but he was not.  When I told him, he was not leaving early he again, argued and questioned me as to why he could not leave.  I did explain he was staying because he was off the day before and if someone is off the day before I have them stay and be my late person.  I do that with all my vaccinators.  He was released early today (Saturday).

He also took an hour lunch yesterday.  Lunch breaks are 50 minutes.

2.) Today (Saturday) he was gone for lunch for an hour and 20 minutes.  Lunch breaks are 50 minutes.  I did not talk to ████ regarding being late coming back from lunch because I knew it would become an argument.

3.)  Today Claudia from Cook County came to the site, and he had water at his table.  He was informed by one of the RNs Adeola that Cook County was onsite and to please get rid of his water bottle and he did not.  A few minutes later another RN Sherelle asked him once again to get rid of the water bottle.  He completely ignored her and did not even acknowledge she was talking to him.  He did not get rid of the water bottle.

I also, had a nurse come and advise me of a conversation ████ had with a few nurses regarding myself not letting him go home early yesterday.  He has also told other nurses I have been harassing him every day since he got here and that he is going to report me for harassment.

and I had a talk earlier this week regarding the arguing and disrespect from the week prior. I hoped after that conversation things would be better. However, I continue to have issues with him challenging my authority and being disrespectful.

Thanks,
Eileen Mercer

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EILEEN MERCER**,**<br><br>    Plaintiff,<br><br>  v.<br><br>FAVORITE HEALTHCARE STAFFING, INC.**,**<br><br>    Defendant. | Case No.<br><br>Removed from the Circuit Court of Cook County, Illinois, Case No. 2021-L-012972 |

## DECLARATION OF MEGAN BARNES

I, Megan Barnes, declare under penalty of perjury, that the following is true and correct:

1.  I am over the age of eighteen, of sound mind, and have personal knowledge of the facts set forth in this Declaration or have knowledge of such facts based upon corporate records and/or information that I have reviewed.

2.  I am Vice President, People and Culture for Favorite Healthcare Staffing, LLC ("Favorite Healthcare").

3.  Favorite Healthcare is a limited liability company organized under the laws of the State of Kansas, with its principal place of business in the State of Kansas.

4.  Favorite Healthcare's sole member is ICS US Holdings, Inc., a corporation organized under the laws of the State of Delaware. ICS US Holdings, Inc. is a holding company.

5.  Eileen Mercer received approximately $97,670.02 in gross wages from Favorite Healthcare between February 22, 2021 and June 13, 2021.

With the force and effect established in 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

*Megan Barnes*
_____
Megan Barnes, Vice President People and Culture

_____ 03/18/2022 _____
Date

2

# EXHIBIT C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

EILEEN MERCER**,**

        Plaintiff,

    v.

FAVORITE HEALTHCARE STAFFING, INC.**,**

        Defendant.

Case No. 2021-L-012972

**NOTICE TO STATE COURT OF FILING OF AMENDED NOTICE OF REMOVAL**

TO:    Iris Martinez, Clerk of the Circuit Court
        Circuit Court of Cook County
        Richard J. Daley Center, Room 1001
        50 W. Washington St.
        Chicago, IL 60602

       **PLEASE TAKE NOTICE** that on March 22, 2022, Defendant Favorite Healthcare Staffing, LLC[1] filed the attached Amended Notice of Removal with the United States District Court for the Northern District of Illinois.

Dated: March 22, 2022

Respectfully submitted,

FAVORITE HEALTHCARE STAFFING, LLC

*/s/ Kyle J. Mueller*

                Kyle J. Mueller

---

[1] Defendant is improperly named as Favorite Healthcare Staffing, Inc. The proper Defendant is Favorite Healthcare Staffing, LLC.

Anthony J. Romano (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
816.627.4400

Kyle J. Mueller
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
312.372.5520

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on March 22, 2022, he caused a copy the foregoing ***NOTICE TO STATE COURT OF FILING OF AMENDED NOTICE OF REMOVAL*** to be electronically filed with the Clerk of Court of the State of Illinois in the Circuit Court of Cook County, using Odyssey eFile system, and to be served by electronic mail and U.S. Mail upon the following:

Navarrio Wilkerson, Esq.
Disparti Law Group, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
T: (312) 506-5511 ext. 336
F: (312) 846-6363
navarrio@dispartilaw.com

*s/Kyle J. Mueller*
Kyle J. Mueller

# EXHIBIT D

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| EILEEN MERCER**,** | |
| Plaintiff, | |
| v. | Case No. 2021-L-012972 |
| FAVORITE HEALTHCARE STAFFING, INC.**,** | **NOTICE TO ADVERSE PARTY OF FILING OF AMENDED NOTICE OF REMOVAL** |
| Defendant. | |

TO:    Navarrio Wilkerson, Esq.
        Disparti Law Group, P.A.
        121 W. Wacker Drive, Suite 2300
        Chicago, IL 60601
        T: (312) 506-5511 ext. 336
        F: (312) 846-6363
        navarrio@dispartilaw.com

**PLEASE TAKE NOTICE** that on March 22, 2022, Defendant Favorite Healthcare Staffing, LLC[1] filed the attached Amended Notice of Removal with the United States District Court for the Northern District of Illinois.

Dated: March 22, 2022

Respectfully submitted,

FAVORITE HEALTHCARE STAFFING, LLC

*/s/ Kyle J. Mueller*
                    Kyle J. Mueller

---

[1] Defendant is improperly named as Favorite Healthcare Staffing, Inc. The proper Defendant is Favorite Healthcare Staffing, LLC.

Anthony J. Romano (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
816.627.4400

Kyle J. Mueller
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
312.372.5520

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on March 22, 2022, he caused a copy

the foregoing ***NOTICE TO ADVERSE PARTY OF FILING OF AMENDED NOTICE OF***

***REMOVAL*** to be served by electronic mail and U.S. Mail upon the following:

Navarrio Wilkerson, Esq.
Disparti Law Group, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
T: (312) 506-5511 ext. 336
F: (312) 846-6363
navarrio@dispartilaw.com


*s/Kyle J. Mueller*
Kyle J. Mueller

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EILEEN MERCER**,** <br><br>     Plaintiff, <br><br>  v. <br><br> FAVORITE HEALTHCARE STAFFING, INC.**,** <br><br>     Defendant. | Case No. 1:22-cv-00766 <br><br> Removed from the Circuit Court of Cook County, Illinois, Case No. 2021-L-012972 |

## <u>DECLARATION OF DANIEL TONER</u>

I, Daniel Toner, declare under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1.   I am over the age of eighteen, of sound mind, and have personal knowledge of the facts set forth in this Declaration or have knowledge of such facts based upon corporate records and/or information that I have reviewed.

2.   I am Group General Counsel for Acacium Group Holdings Limited ("Acacium Group"). Acacium Group is the United Kingdom of Great Britain's largest healthcare staffing partner and is an indirect parent company of ICS US Holdings, Inc.

3.   ICS US Holdings, Inc. is headquartered and maintains its records in Philadelphia, Pennsylvania. The Company has two high-level officers, Mike Barnard and Tom Richards. Mr. Barnard holds the position of President, while Mr. Richards holds the positions of Treasury and Secretary. Mr. Barnard and Mr. Richards are the sole members of the Company's Board of Directors. Both Mr. Barnard and Mr. Richards reside in the United Kingdom and direct almost all Company business from the United Kingdom. Board decisions are made by written resolution

rather than physical meeting. Neither Mr. Barnard nor Mr. Richards conduct any Company business from the state of Wisconsin.

With the force and effect established in 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Daniel Toner, Group General Counsel, Acacium Group


Date: 21 MARCH 2023