IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EILEEN MERCER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FAVORITE HEALTHCARE STAFFING, INC.,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00766<br><br>Honorable Jorge L. Alonso |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Favorite Healthcare Staffing, LLC[1] ("Defendant" or "Favorite Healthcare"), by its attorneys, hereby submits the following memorandum in support of its motion to dismiss.

**I.　　INTRODUCTION**

Plaintiff Eileen Mercer brings three counts under the Illinois Whistleblower Act, each of which should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. First, Mercer's comment that a state-operated vaccination site would be "way over staffed" with nurses placed by Favorite Healthcare (Counts I and III) is not protected activity because it did not disclose a violation of law or public corruption. Without any mention of ill intent, wrongdoing, or illegal activity, Mercer's comment is not a protected disclosure under the Act. Moreover, Favorite Healthcare's alleged policy of prohibiting third parties from sitting in on closed-door disciplinary meetings (Count II), even if true, does not run afoul of the Act because it does not prevent employees from reporting wrongdoing to government agencies outside of the closed-door meetings. Accordingly, Mercer's

---

[1] Defendant is improperly named as Favorite Healthcare Staffing, Inc. The proper Defendant is Favorite Healthcare Staffing, LLC.

complaint should be dismissed in its entirety, with prejudice.

## II. FACTUAL BACKGROUND[2]

Favorite Healthcare is a healthcare staffing firm that provides a full range of workforce solutions, including local per diem and travel staffing options for nursing and allied health professionals. As one of the industry's fastest growing staffing providers, the Company's mission is to create jobs and provide qualified and dependable talent wherever needed.

Plaintiff Eileen Mercer alleges that she began a state crisis contract with Favorite Healthcare in February 2021 and was placed as the Lead Registered Nurse ("Lead RN") for a mass vaccination site in Des Plaines, Illinois. (Dkt. 1, Ex. A (Complaint), ¶¶ 10, 11, 13). Mercer further alleges that funding for the vaccination sites is provided by Cook County, the State of Illinois, and the United States Government, and that Favorite Healthcare's profits increase with each employee placed at the vaccination sites. (*Id.* at ¶¶ 7-8).

Mercer alleges that on May 17, 2021, Jackie Boone, a Cook County employee responsible for overseeing staffing at all vaccination sites, advised all Lead RNs that the vaccination numbers were dropping and that they should monitor and limit staffing and overtime hours. (*Id.* at ¶ 21). Nevertheless, Mercer emailed Ratna Kanumury, an employee from Cook County Health ("CCH"), later that day to request additional staffing. (*Id.* at ¶ 22, Ex. 1). Mercer explained that her site was "short 5 LPNs" and asked the CCH employee to "pull LPNs from other sites within Cook County." (*Id.* at Ex 1).

The CCH employee promptly responded by adding in and deferring to Maureen Didonato, an employee from the Illinois Emergency Management Agency ("IEMA"). (*Id.* at ¶ 23, Ex. 1). The IEMA employee then added five members from her "contract team" to the

---

[2] Favorite Healthcare disputes many of the facts alleged in Plaintiff's complaint, but accepts them as true for purposes of this motion to dismiss only.

email and agreed to send the additional nurses requested by Mercer. (*See id.* at ¶¶ 23-24, Ex. 1).

The next day, on May 18, 2021, Mercer updated the various government employees included on the email by explaining that Rafik Brooks, Favorite Healthcare's onsite supervisor for the Des Plaines location, advised her that she would receive the 5 LPNs requested. (*Id.* at ¶ 28, Ex. 1). Mercer further explained that she had separately learned that they would also receive 6 more LPNs from the Tinley Park, Illinois site as well. (*Id.*). Mercer then commented that the Des Plaines site would be overstaffed, explaining: "With our numbers being this low we will be way over staffed with LPNs if we get all 11." (*Id.* at ¶ 29, Ex. 1).

A day later, on May 19, 2021, Favorite Healthcare Illinois Lead Jesse Massie contacted Mercer to explain that managing staffing levels was outside the scope of her job duties. (*Id.* at ¶ 31, Ex. 1).[3] According to Mercer, a supervisor from Favorite Healthcare named Sean Piper then asked to have a private conversation with her. (*Id.* at ¶ 34). Mercer claims she requested to have the Cook County site director for Des Plaines sit in on the meeting, but Piper refused, allegedly stating, "[n]o absolutely not, what happens in Favorite stays in Favorite." (*Id.* at ¶ 35).

Mercer alleges that her contract was scheduled to last for another month until June 20, 2021. (*Id.* at ¶ 20). However, Favorite demobilized her on or about June 7, 2021, resulting in a 6-month suspension from Favorite Healthcare's crisis contracts. (*Id.* at 40, Ex. 2).

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere

---

[3] Mercer seems to agree. (*See* Compl. at ¶ 14 (alleging she "oversaw the medical aspect of the site," with no mention of staffing))

conclusory statements, do not suffice." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiffs must allege actual facts that "nudge[] their claims across the line from conceivable to plausible." *Id.* at 570. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint should be dismissed. *Id*. at 557. Rather, to satisfy the federal pleading standard, the complaint must "actually *suggest* that the plaintiff has a right to relief." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (emphasis in original). If the plaintiff "cannot unilaterally set forth the necessary allegations that entitle him to recovery," then "judgment should be [entered] for the defending party" and "there is no need to continue the suit." *Gomez v. Illinois State Bd. of Ed*., 811 F.2d 1030, 1039 (7th Cir. 1987).

IV. **ARGUMENT**

Each of Mercer's claims should be dismissed for failure to state a claim upon which relief can be granted.

A. **Mercer Failed to Allege Protected Activity**

Counts I and III of the complaint are brought under different sections of the IWA but are premised on the same claim – that Favorite Healthcare demobilized Mercer in retaliation for commenting that the Des Plaines site would be "way over staffed" if they received 11 more nurses. According to Mercer, her comment was protected under the IWA because it "disclos[ed] overstaffing to prevent fraud and overcharging state, local, and federal funds for unnecessary services." (*See* Compl. at ¶¶ 69, 79, 113, 115). Logic and law, however, dictate otherwise.

Count I is brought under Section 15(b) of the IWA, which provides that "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information

discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15(b). To succeed on a 15(b) claim, a plaintiff must show: (1) an adverse employment action by his employer; (2) which was in retaliation; (3) for the employee's disclosure to a government or law enforcement agency; (4) of a suspected violation of an Illinois or federal law, rule, or regulation. *Hernandez v. Rhee*, 2021 U.S. Dist. LEXIS 145884, *63, 2021 WL 3408510 (N.D. Ill. August 4, 2021) (citation omitted). Count III is brought under Section 20.1 of the IWA, which similarly prohibits employers from retaliating against employees for "disclosing or attempting to disclose public corruption or wrongdoing." 740 ILCS 174/20.1.

Mercer's claims fail as a matter of law because her comment did not disclose a violation of law, rule, or regulation (Count I), nor did it disclose public corruption or wrongdoing (Count III). Specifically, Mercer reported that her site was short 5 LPNs and requested additional staffing. And that request was granted. But when she learned that 6 other LPNs were separately being transferred from another vaccination site as well, she informed the state officials in charge of staffing that they would be "way over staffed." Nowhere in the email did Mercer accuse Favorite Staffing of ill intent, wrongdoing, or illegal activity. Nor did she assert that Favorite Staffing had engaged some sort of scheme of intentional overstaffing, as she insinuates (without any factual basis) in her complaint. (*See* Compl. at ¶ 62). Instead, she simply responded that they would be overstaffed. Without more, Mercer did not engage in protected activity, and Counts I and III must be dismissed. See *Hernandez*, 2021 U.S. Dist. LEXIS 145884 at *65 (granting summary judgment where the plaintiffs "fail[ed] to point to any federal or state law that was the subject of their discussions with the [local government agency]."); *Post v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 2018 U.S. Dist. LEXIS 180911, *12, 2018 WL 5249231 (N.D. Ill. 2018) (granting motion to dismiss because "even if the [conduct reported] did involve illegal activity,

[the plaintiff] does not allege that he . . . included that information in his [disclosure] or discussion with [the government agency].").

**B.   Mercer Failed to Allege A Policy Preventing Employees from Reporting Violations of the Law**

Count II of the complaint is brought under Section 10 of the IWA, which provides that an employer "may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/10. Mercer alleges that her supervisor's comment of "[w]hat happens in Favorite stays in Favorite" is a policy in violation of this section. (*Id.* at ¶ 103). That is simply not the case.

When read in context, the supervisor's offhand comment, even if true, clearly does not run afoul of the IWA. Specifically, Mercer claims her supervisor made the comment in response to her request for a third party to sit in on a disciplinary meeting. The policy alleged by Mercer, therefore, is that Favorite Healthcare prohibits third parties from sitting in on closed-door disciplinary meetings. That policy, even if true, does not prevent employees from contacting government agencies about wrongdoing, as it in no way regulates employee conduct before or after the closed-door meetings. Count II must therefore be dismissed for failure to state a claim upon which relief can be granted as well.

Moreover, Section 10 of the IWA only applies "if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/10. Yet, as explained above, Mercer only stated that they would be "way over staffed," with no accusation of intentional overstaffing or any other information to suggest ill intent or wrongdoing. Without more, Mercer simply cannot have reasonably believed she

disclosed a violation of law, rule, or regulation. At most, Mercer reported a staffing error, which is not protected under the IWA. Count II should be dismissed for this additional reason.

## V. CONCLUSION

For the foregoing reasons, Favorite Healthcare respectfully requests the complaint be dismissed in its entirety, and with prejudice.

Dated: April 29, 2022

Respectfully submitted,

FAVORITE HEALTHCARE STAFFING, LLC

*/s/ Kyle J. Mueller*
Kyle J. Mueller

Anthony J. Romano (*pro hac vice*)
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
ARomano@littler.com
816.627.4400

Kyle J. Mueller (#6324389)
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
KMueller@littler.com
312.372.5520

## CERTIFICATE OF SERVICE

Kyle J. Mueller, an attorney, hereby certifies that on April 29, 2022, he caused a copy of the foregoing ***Defendant's Memorandum of Law in Support of Its Motion to Dismiss*** to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (*electronic case filing*) system, which will send notification of such filing to:

Navarrio Wilkerson, Esq.
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
T: (312) 506-5511 ext. 336
F: (312) 846-6363
navarrio@dispartilaw.com

*/s/Kyle J. Mueller*
Kyle J. Mueller