IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EILEEN MERCER, | ) | |
| | ) | |
| Plaintiff, | ) | 22:-CV-00766 |
| v. | ) | |
| | ) | Honorable Judge Alonso |
| FAVORITE HEALTHCARE STAFFING, | ) | |

**PLAINTIFF'S RESPONSE TO DEFENANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV. P.RULE 12(b)(6)**

NOW COMES Plaintiff, Eileen Mercer, by and through her attorney, NaVarrio Wilkerson of Disparti Law Group, P.A., and for her response to Defendant's Motion to Dismiss, states as follows:

## INTRODUCTION

Plaintiff brought a lawsuit against Defendant based on being unlawfully terminated for blowing the whistle on certain types of illegalities. Instead of addressing the mismanagement and overstaffing concerns, the Defendant fired the Plaintiff. (Compl, ¶40) Plaintiff brings three counts against the Defendant: Count I through III for violations of sections 15, 10, and 20.1, respectively of the Illinois Whistleblower Act. Defendant filed its Motion to Dismiss pursuant to 12(b)(6) to dismiss all of Plaintiff's Counts. For the reasons set forth below, Defendant's Motion must be denied because Plaintiff's Complaint pleads sufficient facts to give Defendant fair notice of her claims and the grounds upon which they rest.

## LEGAL STANDARD

A motion to dismiss tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). To survive a motion to

1

dismiss, a complaint must first provide a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice" of what the claim is "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). On a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R.CivP.8(a)(2). Plaintiff is not required to present evidence in his complaint. *Hunt v. Dart*, 07 C 6003, 2010 WL 300397, *4 (N.D. Ill. Jan, 2010) ("Even after *Twombly* and *Iqbal*, a plaintiff doesn't have to come forward with evidence to survive a motion to dismiss." Rather, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Employment discrimination claims must adhere to a minimal pleading standard. See *Tamayo v. Blagojevich*, 526 F.3d 1084. A complaint alleging employment discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" a protected characteristic. *Id*. "A complaint need not allege all, or any, of the facts logically entailed by the claim, and it certainly need not include evidence." *Id*. (internal citations and quotations omitted); see also *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). In discussing *Bell Atlantic*, the Seventh Circuit held: "We [] have cautioned, however, that Bell Atlantic 'must not be overread.' The Seventh Circuit further noted, "Indeed, '[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of

the complaint as a statement of the party's proof leads to windy complaints and defeats the function of [Federal Rule of Civil Procedure] Rule 8.'" *Id*. at 1081 (quoting Bennett, 153 F.3d at 519)).

## ARGUMENT

**A. Plaintiff has sufficiently alleged that she engaged in protected activity.**

This Court must deny Defendant's erroneous attempt to dismiss Counts I and III because Plaintiff has sufficiently pled that she engaged in protected activity. Plaintiff's Count I asserts that Defendant violated section 15(b) of the Illinois Whistleblower Act ("IWA"), which provides that *"[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of State or federal law, rule, or regulation."* Count II asserts that Defendant violated § 20.1 of the IWA, which prohibits employers from retaliating against employees for "*disclosing or attempting* to disclose public corruption or wrongdoing." Several courts have held that both sections of the IWA are sufficiently clear and unambiguous. See, e.g. *Brame v. City of North Chicago,* 353 Ill.Dec. 458, 460, 955 N.E.2d 1269, 1271 (2d Dist. 2011). When a statute's text is unambiguous, as §§15(b) and 20.1 of the IWA, the court must construe such statues in accordance with its plain meaning. *United States v. Rosenbohm,* 564 F.3d 820, 823 (7th Cir.2009) ("If the language of a statute is clear and unambiguous, 'in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.' ")

The Defendant first argues that Mercer's email did not accuse the Respondent of "ill intent, wrongdoing, or illegal activity." The crux of Defendant's argument hinges on critiquing the exact content of the disclosure. Significantly, nowhere in the text of the statute does the General

3

Assembly require the reporting employee to specify issues of intent or identify the exact origin or rule of illegality at the time of disclosure. Additionally, and more importantly, courts have avoided creating a bright line threshold for dictating the exact content of the disclosure. It is well established that Courts have opted to take the plain language of the statute when they have examined other portions of the IWA statute, refusing to impose limits that are not prescribed in the legislative intent or statute. When courts have addressed the IWA, cases have debated who and what qualifies as an employee, employer, or whistleblower. Even then, the courts have been very careful not to create unintended limitations. For example:

> "Defendant argues that plaintiff does not qualify as a "whistleblower" under the Whistleblower Act because she was not reporting the illegal activities of her employer to the police. The plain language of the Whistleblower Act does not support this interpretation. The Whistleblower Act states that it applies to employees retaliated against by their employers for reporting criminal activity to government or law enforcement agencies. There are no other requirements or exceptions written into the Whistleblower Act." *Brame v. City of North Chicago*, 2011 IL App (2d) 100760, ¶ 8, 353 Ill.Dec. 458, 955 N.E.2d 1269

"Nothing in the statutory language suggests that the legislature intended to limit the Whistleblower Act's protections to those situations in which an employee blows the whistle on her employer." See *Coffey v. DSW Shoe Warehouse, Inc.*, 145 F. Supp. 3d 771, 777 (N.D. Ill. 2015) (applying the Whistleblower Act to an employee's disclosure of illegality by a third party). As one court explained, "[h]ad state legislators truly wished to limit the [Whistleblower] Act's reach as Defendant proposes, they could have done so simply by referring in the statutory text to information that 'discloses the *employer's* violation,' rather than 'discloses *a* violation.' " (Emphases in original.) *Id.* (citing 740 ILCS 174/15 (West 2014)).

Further, in support of avoiding the Defendant's narrow posture, "This court will not read the limitation suggested by defendant into the clear, unambiguous language of the statute. See \*\*688 \*134 *Home Star Bank & Financial Services v. Emergency Care & Health Organization, Ltd.*, 2014 IL 115526, ¶ 24, 379 Ill.Dec. 51, 6 N.E.3d 128 ("*It is improper for a court to depart from the plain statutory language by reading into the statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent*."). Accordingly, we reject defendant's argument with respect to the legal sufficiency of plaintiff's whistleblower claim." *Rehfield v. Diocese of Joliet*, 2021 IL 125656, ¶¶ 33-34, 182 N.E.3d 123, 133–34

Plaintiff has sufficiently pled protected activity under both §§15(b) and 20.1 of the IWA by stating, "With our numbers being this low we will be way overstaffed with LPNs if we get all 11.'" (Compl, ¶69) She made this statement after being directed by Cook County representative Jackie Boone, to monitor and avoid overstaffing. (Compl, ¶61) Despite Plaintiff's clearly protected email, Defendant's misconstrue the purpose of §§15(b) and 20.1 of the IWA by attacking the content of Plaintiff's email. The IWA does not require that a reporting employee identify what rule was violated or what law was broken by the purportedly unlawful conduct. In fact, courts have avoided creating a bright line threshold for dictating the exact content of the disclosure, refusing to read into the statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent. *Rehfield v. Diocese of Joliet*, 2021 IL 125656, ¶¶ 33-34, 182 N.E.3d 123, 133–34. Such a narrow ruling of the IWA would eviscerate the legislative intent of the IWA and eliminate many proper employee disclosures on a mere technicality.

Moreover, Defendant's reliance on *Post* is in opposition to the case at a hand. The Court in *Post* held that the Plaintiff failed to *allege in his complaint* that his disclosure *involved* illegal activity or that he *believed* the disclosed activity would be in violation of a state or federal law. (emphasis added). The Court further reasoned that "[t]hough Post *does not* need to identify any particular laws that he believed were violated, he must allege *facts* from which to *infer* some illegality." *Post v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 2018 U.S. Dist. LEXIS 180911, *12, 2018 WL 5249231 (N.D. Ill. 2018). (emphasis added) That is not what happened here. Here, the Plaintiff specifically stated that she disclosed the overstaffing issue to address fraud and overcharging state, local, and federal funds for unnecessary staffing services. (Compl, ¶¶69,79). What's more is that Cook County, though Jackie Boone, specifically warned Mercer against overstaffing. (Compl, ¶62) Plaintiff's allegations and email clearly reveals that she reasonably believed there was illegal activity occurring. The Plaintiff's Complaint also alleged that she had reasonable cause to believe that the information disclosed would have been a violation of a state or federal law, rule, or regulation. (Compl, ¶62) There is no requirement that Plaintiff blow the whistle in a particular way or that she cite the laws that were violated. Such requirements are not supported by well-established precedent.

This Court should take the stance that so many others already have, refusing to create unexpressed limitations. The plain language of the statute precludes an "employer" from retaliating "against an employee for *disclosing information* to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 Ill. Comp. Stat. Ann. 174/15. *Milsap v. City of Chicago*, No. 16-CV-4202, 2018 WL 488270, at *7 (N.D. Ill. Jan. 19, 2018). Presently, the Defendant's overstate that standard applicable to sections 15 and 20.1 by insisting that the

Plaintiff reference the specific rule or law that she believes may be violated in the disclosure. This level of specificity is not required, nor found in the unambiguous language of the IWA. When taking the IWA language as is, as courts have, there is no reading which clearly supports the Defendant's position. "Moreover, the court sees no ambiguity in the statutory language. The IWA bars retaliation against any person who provides *information* to law enforcement *so long as that person "has reasonable cause* to believe that the information discloses a violation...." 740 ILCS 174/15. *Coffey v. DSW Shoe Warehouse, Inc.*, 145 F. Supp. 3d 771, 777 (N.D. Ill. 2015)

The language does not create a noose of limitation upon which the disclosure's content in itself must be reckoned. There must simply be a disclosure of *information*, to *a government or law enforcement agency*, where the employee *has reason to believe* would be a violation of a state or federal law, rule, or regulation. The Defendant's position would impose on the employee an attorney-like knowledge and legal reasoning in the disclosure that is simply not contemplated in the unambiguous language of the IWA or precedent.

The Defendant's argument is contrary to the standard requiring the court to draw all reasonable inferences in favor of the Plaintiff. For purposes of Plaintiff's claim, what matters is whether a plaintiff's belief that the law had been violated was *reasonable,* not whether it was correct. *See Stebbings v. University of Chicago,* 312 Ill.App.3d 360, 371, 726 N.E.2d 1136, 1144, 244 Ill.Dec. 825 (1st Dist.2000) (citing *Howard v. Zack Co.,* 264 Ill.App.3d 1012, 1024, 202 Ill.Dec. 447, 637 N.E.2d 1183, 1191–92 (1st Dist.1994)). Here, Plaintiff's complaint alleges that on May 17, 2021, Jackie Boone, a Cook County employee responsible for overseeing staffing at all vaccination sites, advised all Lead RNs that the vaccination numbers were dropping and that they should be monitor and limit staffing and overtime hours. (Compl, ¶21). Jackie Boone's specific instruction and context make Plaintiff's email protected activity. The

allegation that the defendant was intentionally over staffing its vaccination facilities calls into question that handling of federal, state, and county money. Overbilling such agencies clearly violations several different types of state and federal laws. Similar to the case at hand, in *Brown*, the court held the IWA requires only that employees have a "*reasonable cause to believe* that the information discloses a violation of a State or federal law, rule, or regulation." *Brown v. Biomat USA, Inc.*, No. 20-CV-05437, 2021 WL 3187599, at * (N.D. Ill. July 28, 2021).

Accordingly, Plaintiff sufficiently pled Count I and III, and this Court must deny Defendant's motion because the Plaintiff is not required to cite intent or the specific rule violations in her disclosure. Further, at the motion to dismiss stage, the Court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of Plaintiff, including cases involving the IWA. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. *Harris v. City of Chicago*, No. 19 CV 5878, 2020 WL 4815907 (N.D. Ill. Aug. 18, 2020)

### B. Mercer Sufficiently Alleged a Policy Preventing Employees from Reporting Violations of the Law.

The Plaintiff has sufficiently alleged a policy preventing employees from reporting violations of the law. Count II claims, that Defendant violated §10 of the IWA, which provides that an employer "may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/10. Defendant erroneously argues that Plaintiff has failed to allege a policy that prevents employees from reporting violations of law.

The policy that prevents an employee from reporting violations of the law was Mercer's supervisor's statement: "What happens in Favorite stays in Favorite." Defendant's attempt to ask

the court to consider only the context of the statement, which is that Favorite simply prohibits third parties from sitting in on closed-door disciplinary meetings. However, this is only a part of the story. The Plaintiff had openly and often communicated with IEMA, but after warning against overstaffing, she was directed to stop doing so. (Compl, ¶31). This was the first time she had been told not to communicate at all with IEMA, after having done so for months on similar group email threads. Part of her duties were to be in consistent communication with multiple parties and government agencies, including IEMA and Cook County. (Compl, ¶33). After Plaintiff's disclosure on May 18, 2021, Jesse Massie, a lead employee, emailed the Plaintiff, stating, "It is not your place to be the judge of if a site is over staffed or not. Please stop communicating with IEMA." (Compl, ¶31).

After Defendant's state representative, Sean Piper, requested a private conversation with the Plaintiff, Mercer requested that the director of Cook County be included in the conversation regarding her disclosure. (Compl, ¶34). At this point, the Defendant was fresh on the heels of warning the Plaintiff not to communicate with any government agencies for the purpose of preventing overstaffing, which she had been previously warned to avoid by a representative of Cook County. (Compl, ¶21). Plaintiff was told "what happens in Favorite stay in Favorite" in the context of being disciplined solely based upon her disclosure. That statement is a spin-off from the once popular "What happens in Vegas, stays in Vegas" meaning "[a[ny scandalous activities that happen when one travels in a group are not to be discussed with other people afterward. The phrase can also be used simply to emphasize that something needs to be kept secret."[1] Here, there is policy being enforced through discipline for disclosing or attempting to disclose what she

---

[1] https://idioms.thefreedictionary.com/what+happens+in+Vegas+stays+in+Vegas#:~:text=Any%20scandalous%20activities%20that%20happen,needs%20to%20be%20kept%20secret.

had a reasonable cause to believe is a violation of a State or federal law, rule, or regulation. Additionally, the Defendant has not asserted or provided case law that such policy be writing or officially acknowledged.

Next, the Defendant asserts, "that policy, even if true, does not prevent employees from contacting government agencies about wrongdoing, as it in no way regulates employee conduct before or after the close-door meetings." (Def MTD, p. 6) The deficiencies in the Defendant's perspective are apparent on its face. Defendant's logic here goes against the heart and existence of the IWA, which exists to protect the disclosing employee. *Harris v. City of Chicago*, No. 19 CV 5878, 2020 WL 4815907 (N.D. Ill. Aug. 18, 2020) The Defendant urges the Court to adopt an extremely narrow interpretation of the IWA, which is that Plaintiff's reprimand, suspension, and constructive discharge would only *discourage*, but not *prevent* employees from contacting government agencies about wrongdoing. That reasoning smacks in the face of the protections offered by §10 of the IWA.

Under the IWA, a materially adverse employment action must be one that a reasonable employee would find to be materially adverse such that the employee would be dissuaded from engaging in the protected activity. *Harris v. City of Chicago*, No. 19 CV 5878, 2020 WL 4815907 (N.D. Ill. Aug. 18, 2020) Fear of retaliation, of any kind, including suspension and termination on an already existing employment contract is certainly preventative of employee disclosures for the purposes of the IWA. *Id*. To make the argument that policies that deem such disclosures as "inappropriate" and "unprofessional" and are enforced by adverse actions do not "prevent" disclosures is not one that should be made with a straight face, but the Defendant has done so anyway.

## CONCLUSION

For the foregoing reasons, the Plaintiff Eileen Mercer respectfully requests that the Honorable Court deny Defendant's 12(b)(6) Motion to Dismiss in its entirety. However, if the Court is inclined to grant Defendant's Motion in whole or part, the Plaintiff prays for an opportunity to amend her complaint.

Respectfully submitted,

**EILEEN MERCER**

*/s/NaVarrio D. Wilkerson*
By: _____
NaVarrio D. Wilkerson
Her Attorney

## CERTIFICATE OF SERVICE

A copy of Plaintiffs Response to Defendant's Motion to Dismiss was filed electronically this May 31, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing though the Court's electronic system.

Anthony J. Romano (pro hac vice)
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
ARomano@littler.com

Kyle J. Mueller (#6324389)
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
KMueller@littler.com