IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EILEEN MERCER, <br><br> Plaintiff, <br><br> v. <br><br> FAVORITE HEALTHCARE STAFFING, INC., <br><br> Defendant. | Case No. 1:22-cv-00766 <br><br> Honorable Jorge L. Alonso |

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Favorite Healthcare Staffing, LLC[1] ("Defendant" or "Favorite Healthcare"), by its attorneys, hereby submits the following reply brief in support of its Motion to Dismiss.

**I.    INTRODUCTION**

Mercer focuses her argument on asking the Court to not impose limits beyond the statutory text of the Illinois Whistleblower Act. This argument misses the mark, as the Act plainly requires a report that the whistleblower reasonably believes discloses a violation of law or public corruption. Mercer's comment that the vaccination site would be "way over staffed" without any indication of wrongdoing simply does not meet this threshold requirement. The Court need not depart from the plain language of the statute to reach that conclusion. Counts I and III should be dismissed for failure to state a claim upon which relief can be granted.

Moreover, there can be no question that the alleged "policy" at issue in this case does not run afoul of the Act. Mercer alleges that when she requested to have a third party sit in on a disciplinary meeting, her supervisor responded, "[n]o absolutely not, what happens in Favorite

---

[1] Defendant is improperly named as Favorite Healthcare Staffing, Inc. The proper Defendant is Favorite Healthcare Staffing, LLC.

stays in Favorite." Mercer's attempt to take the alleged comment out of context and argue that it constitutes a policy prohibiting whistleblowing should flatly be rejected. Count II should be dismissed for failure to state a claim upon which relief can be granted as well.

## II. ARGUMENT

### A. Mercer Failed to Allege Protected Activity

The parties agree that the only alleged protected activity at issue in this case is the following comment made by Mercer: "With our numbers being this low we will be way over staffed with LPNs if we get all 11." (*See* Def. Br. at 4 (Dkt. 20); Pl. Br. at 5 (Dkt. 24)). As explained in Favorite Healthcare's opening brief, that comment is not protected under the IWA because it does not disclose a violation of law, rule, or regulation (Count I), nor does it disclose public corruption or wrongdoing (Count III). (Def. Br. at 4-6).[2]

A detailed background of the alleged events leading to Mercer's comment is included in the Company's opening brief. (Def. Br. at 2-3). In sum, Mercer reported that her vaccination site was short 5 LPNs and requested additional staffing. And that request was granted. But when Mercer learned that 6 other LPNs were separately being transferred from another vaccination site as well, she informed the state officials in charge of staffing that they would be "way over staffed." Nowhere in the email did Mercer accuse Favorite Healthcare of ill intent, wrongdoing, or illegal activity. Nor did she assert that Favorite Healthcare had engaged some sort of scheme of intentional overstaffing, as she insinuates (without any factual basis) in her complaint. Instead, she simply responded that they would be overstaffed. Without more, Mercer did not engage in

---

[2] Count I is brought under Section 15(b) of the IWA, which provides that "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15(b). Count III is brought under Section 20.1 of the IWA, which similarly prohibits employers from retaliating against employees for "disclosing or attempting to disclose public corruption or wrongdoing." 740 ILCS 174/20.1.

protected activity, and Counts I and III must be dismissed. (*See* Def. Br. at 5-6 (citing cases)).

### 1. The Court Need Not Impose Limits Beyond the Plain Language of the IWA to Find that Mercer Did Not Engage in Protected Activity

Mercer urges the Court to not "impose limits that are not prescribed in the legislative intent or statute." (Pl. Br. at 4). This argument can easily be discarded, as the Court need not depart from the plain language of the IWA to find that Mercer has failed to state a claim. The sections of the IWA under which Mercer proceeds clearly require a report that the whistleblower reasonably believes discloses a violation of law or public corruption. Mercer's comment that the vaccination site would be "way over staffed" simply does not meet this threshold requirement. The Court need not depart from the statute's plain language to reach that conclusion.

The cases cited by Mercer do not require a different result. In *Brame*, the Illinois appellate court rejected an attempt to limit the Act's protection of reports made to a government or law enforcement agency that also happened to employ the whistleblower. As the court reasoned in that case, "[h]ad the legislature intended that the Act not apply to reports made to an employee's own government or law-enforcement agency employer, it certainly would have included such a limitation." *Brame v. City of North Chicago*, 955 N.E.2d 1269, 1273 (Ill. App. 2011). Mercer also cites to several cases declining to find that the IWA only protects reports of an employer's conduct, rather than the conduct of a third party. Again, courts have found that such an argument would require an impermissible departure from the plain language of the statute. *See Coffey v. DSW Shoe Warehouse, Inc.*, 145 F. Supp. 3d 771, 777 (N.D. Ill. 2015) ("Had state legislators truly wished to limit the Act's reach . . . they could have done so simply by referring in the statutory text to information that 'discloses the *employer's* violation,' rather than 'discloses *a* violation.'" (emphases in original)). *See also Rehfield v. Diocese of Joliet*, 450 Ill. Dec. 677, 687 (Ill. February 4, 2021) (finding the Act applies to an employee's disclosure of

illegality by a third party). These cases are inapposite to the case at hand. As explained above, the IWA plainly requires the disclosure of a violation of law or public corruption. The Court need not depart from the text of the statute in finding that Mercer's comment failed to meet this threshold requirement.

Mercer also argues that Favorite Healthcare seeks to dictate the exact content of a disclosure by requiring the identification of a specific law or rule violated. (*See* Pl. Br. at 4-7). Favorite Healthcare makes no such argument.[3] In fact, the Company agrees that it would be against the intent of a whistleblower statute to regulate the exact content of the disclosure. But the fact remains that a disclosure of a violation of law or public corruption *necessarily requires at least some indication of wrongdoing*. Mercer could have satisfied this requirement by stating, for example, that the alleged overstaffing was "intentional," "wrong," "deceitful," or "illegal." *See*, *e.g.*, *Beers v. E.R. Wagner Mfg. Co.*, 2013 U.S. Dist. LEXIS 54376, *11, 2013 WL 1679403 (N.D. Ill. April 2013) (finding the plaintiff's statements that his employer's conduct "looks deceitful and borders on illegal" sufficient for a refusal to participate claim). In fact, the *Milsap* case cited by Mercer supports the same conclusion. In that case, the court found that an employee successfully disclosed illegal activity by disclosing that City employees had pressured him to lie about who was driving a City vehicle when completing a police report. *See Milsap v. City of Chicago*, 2018 U.S. Dist. LEXIS 8638, *20-21, 2018 WL 488270 (N.D. Ill. January 2018). Unlike Mercer's email, that disclosure clearly indicated at least some level of wrongdoing to implicate illegal activity (*i.e.* being pressured to lie).

Mercer's attempt to distinguish the court's holding in *Post* is unavailing. In that case, the

---

[3] It is worth noting, however, that at least one court has indicated that such a requirement may be appropriate. (*See* Def. Br. at 5 (citing *Hernandez v. Rhee*, 2021 U.S. Dist. LEXIS 145884, *65, 2021 WL 3408510 (N.D. Ill. August 4, 2021) (critiquing that the plaintiffs in that case had "fail[ed] to point to any federal or state law that was the subject of their discussions with the [local government agency].")))

court dismissed the plaintiff's whistleblower claim with prejudice, finding that a plaintiff must allege both that the reported conduct involved illegal activity *and* that the plaintiff included that information in the disclosure. *See Post v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 2018 U.S. Dist. LEXIS 180911, *12, 2018 WL 5249231 (N.D. Ill. October 22, 2018) ("And even if the derailment did involve illegal activity, [the plaintiff] does not allege that he knew that, or reasonably believed it, or included that information in his . . . report or discussion with [the government agency].").

Given Mercer's failure to provide any indication of wrongdoing in her email, she cannot now credibly argue that she reasonably believed her email disclosed a violation of law or public corruption. At most, Mercer reported a staffing error, which is not protected under the IWA. (*See* Pl. Br. at 1 (characterizing the alleged overstaffing as "mismanagement")). Accordingly, Counts I and III must be dismissed.

### 2. The Context of Mercer's Email Does Not Save Her Claims

Mercer next argues that despite her failure to disclose a violation of law or public corruption, the context of her email brings it within the IWA's protections. (Pl. Br. at 6-7). Specifically, Mercer claims that the day before her email, Jackie Boone, a Cook County employee responsible for overseeing staffing at all vaccination sites, advised all Lead RNs that the vaccination numbers were dropping and that they should monitor and limit staffing and overtime hours. (*Id.* (citing Compl. ¶¶ 21, 62)). This instruction, even if true, does not transform Mercer's email into protected activity.

To start, Boone's alleged instruction was prompted by falling vaccination numbers, and it is only logical that she would have wanted to monitor and adjust staffing levels to account for the change in demand. Nowhere in Mercer's complaint does she allege that Boone (or anyone else) believed or implied that Favorite Healthcare had ever intentionally overstaffed any of the

vaccination sites. Without such an allegation, Boone's instruction does little to change the meaning of Mercer's email.

Moreover, Mercer does not allege that any of the individuals included in her email were even aware of Boone's instructions to monitor staffing levels. Without that, Boone's commentary has no impact on the message conveyed in Mercer's email. Mercer cannot have reasonably believed that stating the site would be "way over staffed" with no further detail actually disclosed a violation of law or public corruption. The result may be different if Mercer had reported the overstaffing to an outside law enforcement agency, as it would be abundantly clear in that context that Mercer was attempting to report some sort of wrongdoing. But instead, Mercer sent an unassuming email to the same government officials that she routinely worked with on staffing levels that conveyed nothing more than a staffing error.

In sum, there can be no question that Mercer failed to disclose a violation of law or public corruption as required under the plain language of the IWA. No amount of discovery will change this fact. Accordingly, Counts I and III should be dismissed with prejudice.

    **B.**    **Mercer Failed to Allege A Policy Preventing Employees from Reporting Violations of the Law**

Mercer's attempt to cast her supervisor's comment of "[w]hat happens in Favorite stays in Favorite" as a policy preventing employees from disclosing violations of law must be rejected. The context of the comment is critical here. As explained in Favorite Healthcare's opening brief, Mercer claims that her supervisor made this offhand comment *in response to her request for a third party to sit in on a disciplinary meeting*. The policy alleged by Mercer, therefore, is that Favorite Healthcare prohibits third parties from sitting in on closed-door disciplinary meetings. That policy, even if true, does not prevent employees from contacting government agencies about wrongdoing, as it in no way regulates employee conduct before or after the closed-door

meetings. (Def. Br. at 6).

Mercer responds by attempting to recast her supervisor's comment into a broader context. Specifically, Mercer argues that "Plaintiff was then told 'what happens in Favorite stay in Favorite' in the context of being disciplined solely based upon her disclosure." (Pl. Br. at 9). While that may be true, Mercer's allegations make it abundantly clear that the supervisor's comment was in no way related to her email about overstaffing. Mercer alleged the following in her complaint:

> 34. On May 19, 2021, Sean Piper, the state representative for Favorite, came to the site and requested a private conversation with the Plaintiff.
>
> 35. The Plaintiff requested that the Site Director Brian Marshall from Cook County be included, but Sean Piper refused, stating "No absolutely not, what happens in Favorite stays in Favorite."
>
> 36. Sean Piper advised the Plaintiff that she was receiving a written counseling regarding her "unprofessional behavior" for sending the email to IEMA regarding staffing.

(Compl. ¶¶ 34-36). From these allegations, there can be no question that the supervisor's alleged comment was made in direct response to Mercer's request for a third party to sit in on a disciplinary meeting, with no relation to Mercer's email to IEMA. Any attempt to convince this Court otherwise should be flatly rejected.

Mercer also argues that "there is policy being enforced through discipline for disclosing or attempting to disclose what she had a reasonable cause to believe is a violation of a State or federal law, rule, or regulation." (Pl. Br. at 9-10). This again is an overstatement. Mercer agrees that the alleged policy at issue is her supervisor's comment of "What happens in Favorite stays in Favorite." (Pl. Br. at 8). And as already discussed, there can be no question that this comment was made directly in response to Mercer's request for a third party to sit in on a disciplinary meeting. Accordingly, the alleged policy, even if true, was clearly not "enforced" to discipline

Mercer for her disclosure, as she claims. Instead, it was "enforced" to reject Mercer's request for a third-party representative at a disciplinary meeting, which does not run afoul of the IWA.

Moreover, Section 10 of the IWA only applies "if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/10. As explained above, Mercer cannot have reasonably believed that her email disclosed a violation of law or public corruption without any mention of wrongdoing. (*See also* Def. Br. at 6-7). Count II should be dismissed for this additional reason.

### III. CONCLUSION

For the foregoing reasons, Favorite Healthcare respectfully requests the complaint be dismissed in its entirety, and with prejudice.

Dated: June 14, 2022

Respectfully submitted,

FAVORITE HEALTHCARE STAFFING, LLC

*/s/ Kyle J. Mueller*
Kyle J. Mueller

Anthony J. Romano (*pro hac vice*)
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
ARomano@littler.com
816.627.4400

Kyle J. Mueller (#6324389)
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
KMueller@littler.com
312.372.5520

## **CERTIFICATE OF SERVICE**

Kyle J. Mueller, an attorney, hereby certifies that on June 14, 2022, he caused a copy of the foregoing ***Defendant's Reply Brief in Support of Its Motion to Dismiss*** to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (*electronic case filing*) system, which will send notification of such filing to:

Navarrio Wilkerson, Esq.
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
T: (312) 506-5511 ext. 336
F: (312) 846-6363
navarrio@dispartilaw.com

*/s/Kyle J. Mueller*
Kyle J. Mueller