**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EILEEN MERCER**,** | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-00766 |
| FAVORITE HEALTHCARE STAFFING, INC.**,** | Honorable Jorge L. Alonso |
| Defendant. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant, Favorite Healthcare Staffing, LLC[1] ("Defendant" or "Favorite"), answers Plaintiff's Complaint (the "Complaint") as follows:

### JURISDICITON AND VENUE

1. General jurisdiction is vested in this Court pursuant to Article 6, Section 9, of the Illinois Constitution.

**ANSWER:** Defendant admits the Court has jurisdiction over this matter, but denies the remaining allegations in Paragraph 1. The Court has jurisdiction over this removed action by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332(a)(1).

2. This Court has jurisdiction over the state law whistleblower claims raised herein pursuant to the Illinois Whistleblower Act, 740 ILCS § 174/1, et seq.

**ANSWER:** Defendant admits the Court has jurisdiction over the claims raised herein, but denies the remaining allegations in Paragraph 2. The Court has jurisdiction over this removed action by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332(a)(1).

3. Venue is proper pursuant to 835 ILCS § 5/2-101 of the Illinois Code of Civil Procedure because all operative acts underlying this Complaint occurred in Cook County, Illinois, and Defendant's conducts business and has registered agents in

---

[1] Defendant is improperly named as Favorite Healthcare Staffing, Inc. The proper Defendant is Favorite Healthcare Staffing, LLC.

Cook County, Illinois.

**ANSWER:** Defendant admits that this venue is proper, but denies the remaining allegations in Paragraph 3. This Court is the appropriate venue for this removed action because the Circuit Court of Cook County, Illinois, where this action was originally filed, lies in the Northern District of Illinois.

## PARTIES

4.     Plaintiff Eileen Mercer is over the age of 18, a resident of Antigo, WI, and has at all relevant times been employed as a Lead Registered Nurse in Cook County.

**ANSWER:** Defendant admits, upon information and belief, that Plaintiff is over the age of 18 and a resident of Wisconsin. Defendant further admits that it placed Plaintiff on assignment as a lead registered nurse in Cook County from February 2021 to June 2021. Defendant denies any remaining allegations in Paragraph 4.

5.     Favorite Healthcare Staffing, Inc. is a national staffing agency that provides healthcare workers for a variety of medical purposes, including in Cook County, Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 5 as they relate to Favorite Healthcare Staffing, LLC, the proper defendant in this action.

## FACTS COMMON TO ALL COUNTS

6.     Upon information and belief, Favorite Healthcare Staffing Inc's income is generated by taking a portion or percentage of the hourly income of the employees it staffs on each project.

**ANSWER:** Defendant admits that it contracts with clients to place temporary healthcare professionals in return for compensation, which varies depending on the contract. Defendant denies that it generates income by taking a percentage of the hourly income of the temporary healthcare professionals it staffs and denies any other remaining allegations in Paragraph 6.

7.     Upon information and belief, Favorite Healthcare Staff Inc's increases with each employee it provides as staff.

**ANSWER:** Defendant admits that it contracts with clients to place temporary healthcare professionals in return for compensation, which varies depending on the contract. Defendant denies any remaining allegations in Paragraph 7.

8. Upon information and belief, the funding for the vaccination sites is provided by the State of Illinois, County of Cook, and United States Government.

**ANSWER:** The allegations in Paragraph 8 are vague and overly broad. In regards to the vaccination site where Plaintiff worked, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, and on that basis denies the allegations in Paragraph 8. Defendant otherwise denies the allegations in Paragraph 8 because they are too vague and overbroad to allow Defendant to form a belief as to their truth.

9. Upon information and belief, at least a portion of the funding for vaccination sites originated from the federal Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

**ANSWER:** The allegations in Paragraph 9 are vague and overly broad. In regards to the vaccination site where Plaintiff worked, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 9, and on that basis denies the allegations in Paragraph 9. Defendant otherwise denies the allegations in Paragraph 9 because they are too vague and overbroad to allow Defendant to form a belief as to their truth.

10. On or about February 24, 2021, the Plaintiff began a state crisis contract with Favorite.

**ANSWER:** Defendant admits the allegations in Paragraph 10.

11. The Plaintiff agreed to be employed as the Lead Registered Nurse ("Lead RN") at a mass vaccination site.

**ANSWER:** Defendant admits that Plaintiff agreed to be placed on assignment as a lead registered nurse at a mass vaccination site. Defendant denies any remaining allegations in Paragraph 11.

12.     Plaintiff was originally placed at the Tinley Park Mass Vaccination site for training as a Lead RN.

**ANSWER:**     Defendant admits the allegations in Paragraph 12.

13.     In March of 2021, Plaintiff was transferred to help open the Des Plaines, IL mass vaccination site.

**ANSWER:**     Defendant admits the allegations in Paragraph 13.

14.     As the Lead RN, the Plaintiff oversaw the medical aspect of the site.

**ANSWER:**     Defendant admits that as a lead registered nurse, Plaintiff was one of the people responsible for overseeing the clinical aspect at the site. Defendant denies any remaining allegations in Paragraph 14.

15.     On March 9, 2021, Plaintiff extended her contract through May 18, 2021.

**ANSWER:**     Defendant admits that on March 9, 2021, Plaintiff's assignment was extended to May 18, 2021, but denies Plaintiff had a "contract," by any legal definition.

16.     On April 6, 2021, Plaintiff emailed Cook County and the Illinois Emergency Management Agency ("IEMA") regarding the extension of contracts for Licensed Practical Nurses ("LPNs"), to which she only received a response from Cook County. *See Exhibit 1*.

**ANSWER:**     Defendant states that Exhibit 1 speaks for itself and denies that Paragraph 16 is an accurate summary of the email referenced therein.

17.     On April 6, 2021, Plaintiff received a response from Ratna Kanumury, the Cook County Health System Director of APP Services, who included a representative liaison from the National Guard on the response. The response indicated that contracts were going to be extended.

**ANSWER:**     Defendant states that Exhibit 1 speaks for itself and denies that Paragraph 17 is an accurate summary of the email referenced therein.

18.     Ratna Kanumury worked as a liaison between IEMA and Cook County.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18, and on that basis denies the allegations in Paragraph 18.

19.     IEMA is an government agency of the state of Illinois that is responsible for preparing for and coordinating responses to emergencies.

**ANSWER:**     Defendant admits that that the Illinois Emergency Management Agency is a government agency in the state of Illinois primarily responsible for preparing the State of Illinois for natural, manmade, or technological disasters, hazards, or acts of terrorism. Defendant further admits that IEMA coordinates the State's disaster mitigation, preparedness, response and recovery programs and activities. Defendant denies any remaining allegations in Paragraph 19.

20.     On May 6, 2021, Plaintiff's contract was extended through June 20, 2021.

**ANSWER:**     Defendant admits that on May 6, 2021, Plaintiff's assignment was extended to June 20, 2021, but denies Plaintiff had a "contract," by any legal definition.

21.     On May 17, 2021, during the lead daily staffing call with Cook County, Jackie Boone, a Cook County employee that oversees staffing at all vaccination sites, advised all the Lead RNs from all the sites that the vaccination numbers were dropping and that they should monitor and limit staffing and overtime hours. Boone advised that if vaccination numbers did not justify the staffing and hours, then overtime and additional staffing should not be scheduled.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21, and on that basis denies the allegations in Paragraph 21.

22.     On May 17, 2021, Plaintiff emailed IEMA regarding LPNs being given personal days with pay and that the site was short five (5) LPNs. *See Exhibit 1*.

**ANSWER:**     Defendant states that Exhibit 1 speaks for itself and denies that Paragraph 22 is an accurate summary of the email referenced therein.

23.     On May 18, 2021, Major Maureen Didonato, National Guard Liaison with IEMA, replied regarding the LPN needs at the site.

**ANSWER:**     Defendant states that Exhibit 1 speaks for itself and denies that Paragraph 23 is an accurate summary of the email referenced therein.

24.     Major Didonato replied to Plaintiff, "Good Afternoon Eileen, I am including my contract team as I will be off orders soon and wanted them to have communicated with you on changes at Cook County. Bottom line, if you need 5 LPNs please

respond to this email and we will transfer them from our standby CVATs 23 or 24." *See Exhibit 1*.

**ANSWER:** Defendant states that Exhibit 1 speaks for itself, but admits that Paragraph 24 appears to be an accurate depiction of the email referenced therein.

25. Upon information and belief, vaccinations had decreased between 800 and 1200 per day.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 25. Defendant therefore denies the allegations in Paragraph 25.

26. At the relevant time, there were LPNs sitting around without services to render due to decreased vaccination needs.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26. Defendant therefore denies the allegations in Paragraph 26.

27. Many LPNs were sent back to their hotels early yet paid for the full day.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27. Defendant therefore denies the allegations in Paragraph 27.

28. On May 18, 2021, Plaintiff advised Major Donato that she was advised by Defendant's local LPN onsite (supervisor) Rafik Brooks that the site was being sent 5 LPNs and 6 more LPNs from Tinley Park, totaling 11 LPNs.

**ANSWER:** Defendant states that Exhibit 1 speaks for itself and denies that Paragraph 28 is an accurate summary of the email contained in Exhibit 1.

29. On May 18, 2021, Plaintiff advised all included on the email, "With our numbers being this low we will be way over staffed with LPNs if we get all 11." *See Exhibit 1*.

**ANSWER:** Defendant states that Exhibit 1 speaks for itself, but admits that Paragraph 29 appears to be an accurate depiction of a portion of the email referenced therein.

30. Included in the email were approximately 13 representatives of Cook County government, Cook County Health organization, the National Guard, Air Force, Illinois Emergency Management Agency ("IEMA"), and the Defendant.

**ANSWER:**     Defendant denies the allegations in Paragraph 30.

31.     On May 19, 2021, Plaintiff received an email from Jesse Massie, a Favorite Lead employee, stating, "It is not your place to be the judge on if a site is over staffed or not. Please stop communicating with IEMA. If you have any concerns like this again Come to me or one of the individuals that are CC in the email." *See Exhibit 1.*

**ANSWER:**     Defendant states that Exhibit 1 speaks for itself and denies that Paragraph 31 is an accurate summary of the email referenced therein. Plaintiff misquotes the email, which reads "Please stop communicating *directly* with IEMA," not "Please stop communicating with IEMA."

32.     Each person copied in Jesse Massie's email to Plaintiff were all employees of Favorite.

**ANSWER:**     Defendant admits that each of the individuals copied on Jesse Massie's email to Plaintiff dated May 19, 2021 in Exhibit 1 worked for Defendant. Defendant denies any remaining allegations in Paragraph 32.

33.     Upon information and belief, after a history of communicating and coordinating with multiple parties, including IEMA and Cook County, this was the first email to the Plaintiff requesting that outsiders be excluded.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's "history of communication and coordinating with multiple parties, including IEMA and Cook County" and accordingly denies that allegation. Defendant further states that Jesse Massie's email to Plaintiff dated May 19, 2021 in Exhibit 1 speaks for itself and denies any attempt to characterize the email as "requesting that outsiders be excluded." Defendant therefore denies all remaining allegations in Paragraph 33.

34.     On May 19, 2021, Sean Piper, the state representative for Favorite, came to the site and requested a private conversation with the Plaintiff.

**ANSWER:**     Defendant admits that on May 19, 2021, State Lead On-site Representative Sean Piper counseled Plaintiff at the Des Plaines mass vaccination site. Defendant lacks

knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph

34, and on that basis denies the remaining allegations in Paragraph 34.

35.     The Plaintiff requested that the Site Director Brian Marshall from Cook County be included, but Sean Piper refused, stating "No absolutely not, what happens in Favorite stays in Favorite."

**ANSWER:**     Defendant denies the allegations in Paragraph 35.

36.     Sean Piper advised the Plaintiff that she was receiving a written counseling regarding her "unprofessional behavior" for sending the email to IEMA regarding staffing.

**ANSWER:**     Defendant admits that Piper's written documentation of the counseling

identifies that it was given due to unprofessional behavior at the work site. Defendant denies the

remaining allegations in Paragraph 36.

37.     Upon information and believe, the Plaintiff was never subjected to any disciplinary action prior to May 19, 2021.

**ANSWER:**     Defendant denies the allegations in Paragraph 37.

38.     On or about May 24, 2021, Plaintiff was notified by Rafik Brooks that IEMA was going to start downsizing staff at the site. Some LPN contracts that were expiring on May 30, 2021, were not being extended.

**ANSWER:**     Defendant admits some LPN assignments ending on May 30, 2021 were not

extended. Defendant lacks knowledge or information sufficient to form a belief as to the remaining

allegations in Paragraph 38 and therefore denies any remaining allegations in Paragraph 38.

39.     On or about May 24, 2021, RN staffing was not being downsized at the time.

**ANSWER:**     Defendant admits the allegations in Paragraph 39.

40.     On or about June 7, 2021, Plaintiff received a text message from the Defendant stating, "This message serves as written confirmation of demobilization due to client request. This will result in a 6-month suspension from our crisis contracts..." *See Exhibit 2.*

**ANSWER:**     Defendant admits that on June 7, 2021, it sent Plaintiff a message providing

written confirmation of her demobilization resulting in a 6-month suspension from its crisis

contracts. Defendant denies any remaining allegations in Paragraph 40.

41.    Generally, crisis contracts generate more income and higher pay rates than other general nursing contracts.

**ANSWER:**    Defendant admits that crisis contracts generally yield higher pay rates for temporary healthcare professionals than general contracts. Defendant denies any remaining allegations in Paragraph 41.

42.    On June 8, 2021, Plaintiff contacted Jackie Boone of Cook County Health regarding any requests of demobilization. Ms. Boone advised the Plaintiff that no such request was made by herself or Cook County. *See Exhibit 3.*

**ANSWER:**    Defendant states that Exhibit 3 speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 42, and on that basis denies the allegations in Paragraph 42.

43.    Brian Marshal, the Site Director, advised the Plaintiff that he was unaware of any negative issues regarding her employment until he was advised by Defendant that the Plaintiff was being demobilized.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's communications with Brian Marshall, and therefore denies the allegations in Paragraph 43.

44.    On June 8, 2021, Brian Marshal also explained to the Plaintiff that he and Cook County tried to convince Favorite to keep her, but employees of Favorite advised him that the Plaintiff was an employee of Favorite, and it was solely at Favorite's decision.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's communications with Brian Marshall, and therefore denies the allegations in Paragraph 44.

45.    On or about June 8, 2021, a new RN was hired in to replace the Plaintiff as Lead RN.

**ANSWER:**    Defendant denies the allegations in Paragraph 45.

46.     On June 8, 2021, Lisa Murray from Favorite called Plaintiff to explain why she was demobilized and the origin of the "request."

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46, and on that basis denies the allegations in Paragraph 46.

47.     Lisa Murray confirmed, "it was not Cook County or anyone from Cook County" and Plaintiff's demobilization and suspension was Favorite's decision.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 47, and on that basis denies the allegations in Paragraph 47.

48.     Lisa Murray stated Plaintiff was counseled in the past and when Plaintiff asked when, Ms. Murray stated on "something happened on June 2, 2021."

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 48, and on that basis denies the allegations in Paragraph 48.

49.     The Plaintiff informed Lisa Murray that the counseling from Sean Piper regarding sending the email to IEMA occurred on May 19, 2021, not on June 2·2021.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 49, and on that basis denies the allegations in Paragraph 49.

50.     After Lisa Murry inquired further about any other incidents, she was unable to find any other incidents of "prior counseling," but agreed that counseling was not appropriate for the email sent to IEMA.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 50, and on that basis denies the allegations in Paragraph 50.

51.     Lisa Murphy stated the Defendant has a "zero tolerance policy" and they had to terminate the Plaintiff.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 51, and on that basis denies the allegations in Paragraph 51.

52.     However, there were multiple complaints against at least two (2) other LPNs for bullying and they were allowed to continue working and were never demobilized. Rafik Brooks was notified on three (3) separate occasions, including by email of the bullying. *See Exhibit 4.*

**ANSWER:** Defendant states Exhibit 4 speaks for itself and denies that Exhibit 4 supports the allegations in Paragraph 52. Defendant further states that the names of the LPNs complained of in Exhibit 4 are redacted, inhibiting Defendant's ability to investigate the allegations in Paragraph 52. Defendant therefore denies any remaining allegations in Paragraph 52.

## COUNT I: VIOLATION OF SECTION 15 OF THE
## ILLINOIS' WHISTLEBLOWER ACT, 740 ILCS § 174/1, *et seq.*

53. All other paragraphs 1-52 of this Complaint are restated, realleged, and incorporated by reference herein as if fully included here.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1-52 of the Complaint as if fully stated herein.

54. Section 15 of the Illinois Whistleblower Act provides as follows: "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule or regulation." 740 ILCS § 174/5

**ANSWER:** Defendant states that Plaintiff misquotes the Illinois Whistleblower Act and therefore denies the allegations in Paragraph 54.

55. At all relevant times, Defendant is and has been an employer of the Plaintiff, within the meaning of the IWA, 740 ILCS §174/5.

**ANSWER:** The allegations in Paragraph 55 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55 of the Complaint.

56. At all relevant times, Plaintiff is and has been an employee of Defendant Favorite Healthcare Staffing, Inc. within the meaning of Illinois Whistleblower Act, 740 ILCS Sl74/5.

**ANSWER:** The allegations in Paragraph 56 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Favorite Healthcare Staffing Inc's income is generated by taking a portion or percentage of the hourly income of the employees it staffs on each project.

**ANSWER:** Defendant admits that it contracts with clients to place temporary healthcare professionals in return for compensation, which varies depending on the contract. Defendant denies that it generates income by taking a percentage of the hourly income of the temporary healthcare professionals it staffs and denies any other remaining allegations in Paragraph 57.

58. Upon information and belief, the funding for the vaccination sites is provided by the State of Illinois, Cook County, and United States government.

**ANSWER:** The allegations in Paragraph 58 are vague and overly broad. In regards to the vaccination site where Plaintiff worked, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 58, and on that basis denies the allegations in Paragraph 58. Defendant otherwise denies the allegations in Paragraph 58 because they are too vague and overbroad to allow Defendant to form a belief as to their truth.

59. On May 6, 2021, Plaintiff's contract was extended through June 20, 2021.

**ANSWER:** Defendant admits that on May 6, 2021, Plaintiff's assignment was extended to June 20, 2021, but denies Plaintiff had a "contract," by any legal definition.

60. Jackie Boone was a management level employee for Cook County Health and was in charge of medical services at all mass vaccination sites.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 60, and on that basis denies the allegations in Paragraph 60.

61. On May 17, 2021, during the lead daily staffing call with Cook County, Jackie Boone, a Cook County Health supervisor, advised all the Lead RNs from all the sites that the vaccination numbers were dropping and that they should monitor and limit staffing and overtime hours. She further advised that if vaccination number did not justify the staffing and hours, then overtime and additional staffing should not be scheduled.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 61, and on that basis denies the allegations in Paragraph 61.

62. The Plaintiff had reasonable cause to believe that the information she disclosed regarding intentional overstaffing is violation of a state or federal law, rule, or regulation.

**ANSWER:** Defendant denies the allegations in Paragraph 62.

63. On May 17, 2021, Plaintiff emailed IEMA regarding LPNs being given personal days with pay and that the site was short five (5) LPNs.

**ANSWER:** Defendant states that Exhibit 1 speaks for itself and denies that Paragraph 63 is an accurate summary of the email contained in Exhibit 1.

64. On May 18, 2021, Major Maureen Didonato, National Guard Liaison, replied regarding the LPN needs at the site.

**ANSWER:** Defendant states that Exhibit 1 speaks for itself and denies that Paragraph 64 is an accurate summary of the email contained in Exhibit 1.

65. Major Didonato replied to Plaintiff, "Good Afternoon Eileen, I am including my contract team as I will be off orders soon and wanted them to have communicated with you on changes at Cook County. Bottom line, if you need 5 LPNs please respond to this email and we will transfer them from our standby CVATs 23 or 24." *See Exhibit 1*.

**ANSWER:** Defendant states that Exhibit 1 speaks for itself, but admits that Paragraph 65 appears to be an accurate depiction of the email referenced therein.

66. Upon information and belief, vaccinations had decreased between 800 and 1200 per day and LPNs were sitting around without services to render.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 66. Defendant therefore denies the allegations in Paragraph 66.

67. Many LPNs were often sent back to their hotels early yet paid for the full day.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 67. Defendant therefore denies the allegations in Paragraph 67.

68. On May 18, 2021, Plaintiff advised Major Donato that she was advised by Rafik Brooks from Favorite that the site was being sending(sic) 5 LPNs and 6 more LPNs from Tinley Park, totally 11 LPNs. *See Exhibit 1*.

**ANSWER:**    Defendant states that Exhibit 1 speaks for itself and denies that Paragraph 68 is an accurate summary of the email referenced therein.

69.    On May 18, 2021, in an effort to prevent defrauding the state, local, and federal governments, Plaintiff advised all included on the email, "With our numbers being this low we will be way over staffed with LPNs if we get all 11." *See Exhibit 1.*

**ANSWER:**    Defendant denies the allegations in Paragraph 69.

70.    Included in the email were approximately 13 representatives of Cook County government, Cook County Health organization, the National Guard, Illinois Emergency Management Agency ("IEMA"), and the Defendant.

**ANSWER:**    Defendant denies the allegations in Paragraph 70.

71.    On May 19, 2021, Plaintiff received an email from Jesse Massie, a Favorite Lead employee, stating, "It is not your place to be the judge on if a site is over staffed or not. Please stop communicating with IEMA. If you have any concerns like this again Come to me or one of the individuals that are CC in the email."

**ANSWER:**    Defendant states that Exhibit 1 speaks for itself and denies that Paragraph 71 is an accurate summary of the email contained in Exhibit 1. Plaintiff misquotes the email, which reads "Please stop communicating *directly* with IEMA," not "Please stop communicating with IEMA."

72.    Each person CC'd in Jesse Massie's email to Plaintiff were all employees of Favorite.

**ANSWER:**    Defendant admits that each of the individuals copied on Jesse Massie's email to Plaintiff dated May 19, 2021 in Exhibit 1 worked for Defendant. Defendant denies any remaining allegations in Paragraph 72.

73.    Upon information and belief, after a history of communicating and coordinating with multiple parties, including IEMA and Cook County, but this was the first email to the Plaintiff requesting that outsiders be excluded.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's "history of communication and coordinating with multiple parties, including IEMA and Cook County" and accordingly denies that allegation. Defendant further states that Jesse Massie's

email to Plaintiff dated May 19, 2021 in Exhibit 1 speaks for itself and denies any attempt to characterize the email as "requesting that outsiders be excluded." Defendant therefore denies all remaining allegations in Paragraph 73.

74.    On May 19, 2021, Sean Piper, the state representative for Favorite, came to the site and requested a private conversation with the Plaintiff.

**ANSWER:**    Defendant admits that on May 19, 2021, State Lead On-site Representative Sean Piper counseled Plaintiff at the Des Plaines mass vaccination site. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 74, and on that basis denies the remaining allegations in Paragraph 74.

75.    Plaintiff requested that the Site Director Brian Marshall be included, but Sean Piper refused, stating "No absolutely not, what happens in Favorite stays in Favorite."

**ANSWER:**    Defendant denies the allegations in Paragraph 75.

76.    Sean Piper advised the Plaintiffs that she was receiving a written counseling regarding her "unprofessional behavior" for sending the email to IEMA regarding staffing.

**ANSWER:**    Defendant admits that Piper's written documentation of the counseling identifies that it was given due to unprofessional behavior at the work site. Defendant denies the remaining allegations in Paragraph 76.

77.    Upon information and believe, the Plaintiff was never subjected to any disciplinary action prior to May 19, 2021.

**ANSWER:**    Defendant denies the allegations in Paragraph 77.

78.    On or about June 7, 2021, Plaintiff received a text message from the Defendant stating, "This message serves as as written confirmation of demobilization due to client request. This will result in a 6-month suspension from our crisis contracts..."

**ANSWER:**    Defendant admits that on June 7, 2021, it sent Plaintiff a message providing written confirmation of her demobilization resulting in a 6-month suspension from its crisis contracts. Defendant denies any remaining allegations in Paragraph 78.

79.     On or about June 7, 2021, the Defendant retaliated against the Plaintiff by demobilizing and suspending her for disclosing overstaffing to prevent fraud and overcharging state, local, and federal funds for unnecessary services.

**ANSWER:**     Defendant denies the allegations in Paragraph 79.

80.     The Plaintiff reasonably believes her demobilization and suspension was a punishment meant to dissuade her from engaging whistleblowing disclosures.

**ANSWER:**     Defendant denies the allegations in Paragraph 80.

81.     The Plaintiff disclosed overstaffing problems to multiple government agencies and her employer.

**ANSWER:**     Defendant denies the allegations in Paragraph 81.

82.     On June 8, 2021, Plaintiff contacted Jackie Boone of Cook County Health, regarding any requests of demobilization. Ms. Boone advised the Plaintiff that no such request was made by herself of Cook County.

**ANSWER:**     Defendant states that Exhibit 3 speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 82, and on that basis denies the allegations in Paragraph 82.

83.     Brian Marshal, the Site Director, advised the Plaintiff that he was unaware of any negative issues regarding her employment until he was advised by Defendant that the Plaintiff was being demobilized.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's communications with Brian Marshall, and therefore denies the allegations in Paragraph 83.

84.     On June 8, 2021, Brian Marshal also explained to the Plaintiff that he and Cook County tried to fight to keep her, but Favorite advised him that the Plaintiff was an employee of Favorite, and it was solely at Favorite's decision.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's communications with Brian Marshall, and therefore denies the allegations in Paragraph 84.

85.     On or about June 8, 2021, a new RN was brought in to replace the Plaintiff as Lead

RN.

**ANSWER:** Defendant denies the allegations in Paragraph 85.

86. On June 8, 2021, Lisa Murray from Favorite called Plaintiff to explained why she was demobilized and the origin of the "request."

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 86, and on that basis denies the allegations in Paragraph 86.

87. Lisa Murray stated, "it was not Cook County or anyone from Cook County" and it was Favorite's decision.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 87, and on that basis denies the allegations in Paragraph 87.

88. The Plaintiff was solely terminated/demobilized and suspended based on her disclosure to government agencies to prevent fraudulent accounting of staffing needs for vaccination, which the Defendant would directly benefit from.

**ANSWER:** Defendant denies the allegations in Paragraph 88.

89. The Defendant terminated/demobilized and suspended the Plaintiff in retaliation for disclosing overstaffing and potential fraudulent staffing contrary to site needs.

**ANSWER:** Defendant denies the allegations in Paragraph 89.

90. As a direct and proximate result of Favorite Healthcare Staffing, Inc's actions, Plaintiffs has lost pay, benefits, and has suffered immense emotional distress.

**ANSWER:** Defendant denies the allegations in Paragraph 90.

WHEREFORE, Eileen Mercer prays that his Court enter judgment in her favor and against the Defendant, and enter and order the following affirmative and other relief: (1) pay damages to Plaintiff for actual, general, special, compensatory damages, including emotional distress and reputational damage; (2) pay compensation for all damages sustained as a result of Defendants' violations, including litigation costs, expert witness fees, and reasonable attorney's fees; (3) order Defendants to cease and desist from terminating and retaliating against the Plaintiff in contravention of his state law whistle-blowing rights; and (4) order such other relief as this Court deems just and proper.

**ANSWER:** Defendant denies that Plaintiff is entitled to judgment in her favor or any of the relief sought in her Complaint, and respectfully requests this Court enter judgment in its favor

and dismiss the Complaint with prejudice.

## COUNT II:  VIOLATION OF SECTION 10 OF THE
## ILLINOIS' WBISTLEWHOWER ACT, 740 ILCS § 174/1, *et seq.*

91.   All other paragraphs 1-90 of this Complaint are restated, realleged, and incorporated by reference herein as if fully included here.

**ANSWER:**   Defendant incorporates its answers to Paragraphs 1-90 of the Complaint as if fully stated herein.

92.   At all relevant times, Defendant is and has been an employer of the Plaintiff, within the meaning of the IWA, 740 ILCS §174/5.

**ANSWER:**   The allegations in Paragraph 92 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 92 of the Complaint.

93.   At all relevant times, Plaintiff is and has been an employee of Defendant Favorite Healthcare Staffing, Inc. within the meaning of Illinois Whistleblower Act, 740 ILCS S174/5.

**ANSWER:**   The allegations in Paragraph 93 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93 of the Complaint.

94.   "Certain policies prohibited. An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/10

**ANSWER:**   Defendant admits Paragraph 94 appears to accurately quote a portion of the Illinois Whistleblower Act. All characterizations of that statute are denied.

95.   The Defendant has made, adopted, and enforced a rule, regulation, and policy which prevents employees from disclosing information to a government or law enforcement agency.

**ANSWER:**   Defendant denies the allegations in Paragraph 95.

96.     On May 18, 2021, in an effort to prevent defrauding the state, local, and federal governments, Plaintiff advised all included on the email, "With our numbers being this low we will be way over staffed with LPNs if we get all 11*." See Exhibit 1*.

**ANSWER:**     Defendant denies the allegations in Paragraph 96.

97.     Included in the email were approximately 13 representatives of Cook County government, Cook County Health organization, the National Guard, Illinois Emergency Management Agency ("IEMA"), and the Defendant.

**ANSWER:**     Defendant denies the allegations in Paragraph 97.

98.     On May 19, 2021, Plaintiff received an email from Jesse Massie, a Favorite Lead employee, stating, "It is not your place to be the judge on if a site is over staffed or not. Please stop communicating with IEMA. If you have any concerns like this again Come to me or one of the individuals that are CC in the email."

**ANSWER:**     Defendant states that Exhibit 1 speaks for itself and denies that Paragraph 98 is an accurate summary of the email contained in Exhibit 1. Plaintiff misquotes the email, which reads "Please stop communicating *directly* with IEMA," not "Please stop communicating with IEMA."

99.     Each person CC'd in Jesse Massie's email to Plaintiff were all employees of Favorite.

**ANSWER:**     Defendant admits that each of the individuals copied on Jesse Massie's email to Plaintiff dated May 19, 2021 in Exhibit 1 worked for Defendant. Defendant denies any remaining allegations in Paragraph 99.

100.    Upon information and belief, after a history of communicating with multiple parties, including IEMA and Cook County, this was the first email to the Plaintiff requesting that outsiders be excluded.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's "history of communication and coordinating with multiple parties, including IEMA and Cook County" and accordingly denies that allegation. Defendant further states that Jesse Massie's email to Plaintiff dated May 19, 2021 in Exhibit 1 speaks for itself and denies any attempt to characterize the email as "requesting that outsiders be excluded." Defendant therefore denies all

remaining allegations in Paragraph 100.

101.　On May 19, 2021, Sean Piper, the state representative for Favorite, came to the site and requested a private conversation with the Plaintiff.

**ANSWER:**　Defendant admits that on May 19, 2021, State Lead On-site Representative Sean Piper counseled Plaintiff at the Des Plaines mass vaccination site. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 101, and on that basis denies the remaining allegations in Paragraph 101.

102.　Plaintiff requested that the Site Director Brian Marshall be included, but Sean Piper refused, expressing Defendant's policy stating, "No absolutely not, what happens in Favorite stays in Favorite."

**ANSWER:**　Defendant denies the allegations in Paragraph 102.

103.　"What happens in Favorite stays in Favorite" is a policy that prevents employees from disclosing information to a government or law enforcement agency when an employee reasonably believes that the information discloses a violation of a state or federal law, rule, or regulation.

**ANSWER:**　Defendant denies the allegations in Paragraph 103.

104.　Sean Piper enforced the prohibited policy/rule by issuing the Plaintiff a written counseling regarding her "unprofessional behavior" for sending the email to IEMA regarding staffing.

**ANSWER:**　Defendant denies the allegations in Paragraph 104.

105.　On or about June 7, 2021, Plaintiff received a text message from the Defendant stating, "This message serves as written confirmation of demobilization due to client request. This will result in a 6-month suspension from our crisis contracts..."

**ANSWER:**　Defendant admits that on June 7, 2021, it sent Plaintiff a message providing written confirmation of her demobilization resulting in a 6-month suspension from its crisis contracts. Defendant denies any remaining allegations in Paragraph 105.

106.　On or about June 7, 2021, the Defendant retaliated against the Plaintiff by demobilizing and suspending her for disclosing overstaffing to prevent fraud/overcharging state, local, and federal funds for unnecessary services.

**ANSWER:**　Defendant denies the allegations in Paragraph 106.

107.    As a direct and proximate result of Favorite Healthcare Staffing, Inc's actions, Plaintiff's has lost pay, benefits, and has suffered immense emotional distress.

**ANSWER:**    Defendant denies the allegations in Paragraph 107.

WHEREFORE, Eileen Mercer prays that his Court enter judgment in her favor and against the Defendant, and enter and order the following affirmative and other relief: (1) pay damages to Plaintiff for actual, general, special, compensatory damages, including emotional distress and reputational damage; (2) pay compensation for all damages sustained as a result of Defendants' violations, including litigation costs, expert witness fees, and reasonable attorney's fees; (3) order Defendants to cease and desist from terminating and retaliating against the Plaintiff in contravention of his state law whistle-blowing rights; and (4) order such other relief as this Court deems just and proper,

**ANSWER:**    Defendant denies that Plaintiff is entitled to judgment in her favor or any of the relief sought in her Complaint, and respectfully requests this Court enter judgment in its favor and dismiss the Complaint with prejudice.

### COUNT III:  VIOLATION OF SECTION 20.1 OF THE ILLINOIS' WHISTLEBLOWER ACT, 740 ILCS § 174/1, et seq.

108.    All other paragraphs 1-107 of this Complaint are restated, realleged, and incorporated by reference herein as if fully included here.

**ANSWER:**    Defendant incorporates its answers to Paragraphs 1-107 of the Complaint as if fully stated herein.

109.    At all relevant times, Defendant is and has been an employer of the Plaintiff, within the meaning of the IWA, 740 ILCS §174/5.

**ANSWER:**    The allegations in Paragraph 109 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 109 of the Complaint.

110.    At all relevant times, Plaintiff is and has been an employee of Defendant Favorite Healthcare Staffing, Inc. within the meaning of Illinois Whistleblower Act, 740 ILCS S174/5.

**ANSWER:**    The allegations in Paragraph 110 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in

Paragraph 110 of the Complaint.

111.    Section 20.1 of the Illinois Whistleblower Act provides as follows: "Any other act or omission not otherwise specifically set forth in this Act, whether within or without the workplace, also constitutes retaliation by an employer under this Act if the act or omission would be materially adverse to a reasonable employee and is because of the employee disclosing or attempting to disclose public corruption or wrongdoing." 740 ILCS §174/20.1.

**ANSWER:**    Defendant admits Paragraph 111 appears to accurately quote a portion of

the Illinois Whistleblower Act. All characterizations of that statute are denied.

112.    At all times, Plaintiff Eileen Mercer was disclosing or attempting to disclose public corruption or wrongdoing when she communicated overstaffing of LPNs.

**ANSWER:**    Defendant denies the allegations in Paragraph 112.

113.    On May 18, 2021, in an effort to prevent defrauding the state, local, and federal governments, Plaintiff advised all included on the email, "With our numbers being this low we will be way over staffed with LPNs if we get all 11." See Exhibit 1.

**ANSWER:**    Defendant denies the allegations in Paragraph 113.

114.    Included in the email were approximately 13 representatives of Cook County government, Cook County Health organization, the National Guard, Illinois Emergency Management Agency ("IEMA"), and the Defendant.

**ANSWER:**    Defendant denies the allegations in Paragraph 114.

115.    In direct retaliation for Plaintiffs protected reporting, the Defendant demobilized and suspended Plaintiff for six (6) months.

**ANSWER:**    Defendant denies the allegations in Paragraph 115.

116.    The Plaintiff reasonably believes that being, counseled, demobilized and suspended are adverse actions against her for disclosing or attempting to disclose potentially public corruption or wrongdoing.

**ANSWER:**    Defendant denies the allegations in Paragraph 116.

117.    As a direct and proximate result of Defendant's actions, Plaintiffs reputation has lost pay and benefits, has suffered immense emotional distress.

**ANSWER:**    Defendant denies the allegations in Paragraph 117.

WHEREFORE, Eileen Mercer prays that his Court enter judgment in her favor and against the Defendant, and enter and order the following affirmative and other relief: (1) pay damages to Plaintiff for actual, general, special, compensatory damages, including emotional distress and reputational damage; (2) pay compensation for all damages sustained as a result of Defendants' violations, including litigation costs, expert witness fees, and reasonable attorney's fees; (3) order Defendants to cease and desist from terminating and retaliating against the Plaintiff in contravention of his state law whistle-blowing rights; and (4) order such other relief as this Court deems just and proper.

**ANSWER:** Defendant denies that Plaintiff is entitled to judgment in her favor or any of the relief sought in her Complaint, and respectfully requests this Court enter judgment in its favor and dismiss the Complaint with prejudice.

JURY DEMAND

Plaintiff demands a trial by jury as to all Counts.

**ANSWER:** Defendant admits that Plaintiff demands a trial by jury as to all Counts.

To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

## **AFFIRMATIVE AND OTHER DEFENSES**

Subject to a reasonable opportunity for further investigation and discovery, and without shifting the burden of proof of any issue for which Plaintiff bears that burden, Defendant asserts the following defenses:

1.      Plaintiff's claims are barred to the extent they are based on events occurring outside the applicable statute of limitations.

2.      Plaintiff's claims are barred because Defendant was not Plaintiff's employer and Plaintiff was not Defendant's employee under the meaning of the Illinois Whistleblower Act.

3.      Count I is barred because Plaintiff did not have reasonable cause to believe that the information disclosed a violation of a State or federal law, rule, or regulation.

4.      Count I is barred because the government or law enforcement agency to which Plaintiff disclosed information did not have authority to investigate any alleged violation of a State or federal law, rule, or regulation.

5.      Count II is barred because Defendant did not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency.

6.      Count II is barred because Plaintiff did not have reasonable cause to believe that the information disclosed a violation of a State or federal law, rule, or regulation.

7.      Count III is barred because Plaintiff did not disclose or attempt to disclose public corruption or wrongdoing.

8.      Defendant's actions were based on legitimate, non-retaliatory reasons.

9.      Plaintiff's Complaint fails to state a claim for punitive damages.

10.     Defendant lacked willfulness or intent to violate Illinois law and raises this as a defense to any claim by Plaintiff for statutory penalties, punitive damages, or prejudgment interest.

11.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

12.     Defendant is entitled to offset any damages to which Plaintiff may be entitled with her income since being demobilized and/or to the extent she has failed to mitigate her damages.

Defendant reserves the right to plead any other defenses or affirmative defenses that may become known during the investigation and discovery phase of this case.

## PRAYER FOR RELIEF BASED ON
## DEFENDANT'S ANSWER AND DEFENSES

Wherefore, Defendant requests that judgment be granted in its favor and against Plaintiff in the following manner:

1. That the Complaint be dismissed in its entirety;

2. That Plaintiff be ordered to pay Defendant's reasonable attorneys' fees and costs incurred in defending this action.

3. That Defendant be awarded such other relief as the Court may deem appropriate.

Dated: April 13, 2023     Respectfully submitted,

            **FAVORITE HEALTHCARE STAFFING, I**

            */s/ Kyle J. Mueller*
              Kyle J. Mueller

Anthony J. Romano (*pro hac vice*)
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
ARomano@littler.com
816.627.4400

Kyle J. Mueller (#6324389)
Jeneé Gaskin (#6312870)
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
KMueller@littler.com
jgaskin@littler.com
312.372.5520

## <u>CERTIFICATE OF SERVICE</u>

Kyle J. Mueller, an attorney, hereby certifies that on April 13, 2023, he caused a copy of

the foregoing ***Defendant's Answer and Affirmative Defenses to the Complaint*** to be

electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, using

the CM/ECF (*electronic case filing*) system, which will send notification of such filing to:

Navarrio Wilkerson, Esq.
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
T: (312) 506-5511 ext. 336
F: (312) 846-6363
navarrio@dispartilaw.com


*/s/Kyle J. Mueller*
Kyle J. Mueller